GILLEN et v INDUSTRIAL COMM

Ohio Appeals, 1st Dist, Warren Co

No 188. Decided May 12, 1938

C. W. Elliott, Middletown, for appellants.
Herbert S. Duffy, Columbus, Eugene Carlin, Columbus, and C. L. Hawthorne, Columbus, for appellee.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from a judgment rendered by the Court of Common Pleas of Warren County upon a verdict in favor of the defendant, The Industrial Commission of Ohio, upon an appeal from an order denying to the dependents of Homer Gillen, deceased, the right to participate in the Workmen's Compensation Fund.

The evidence raised issues triable to a jury and we will, therefore, consider the claims of error in the submission.

(1) The claim is that the court erred in the general charge and particularly in

defining the issues of fact upon the decision of which by the jury the general verdict was made to depend. The issues as defined by the court were:

"First: Did the plaintiffs' former husband and father sustain an injury arising out of any connection with his employment, and did death result as the proximate result of the injury, or was acceleration of death the proximate result of said injury?

"Second: Was the present suit commenced within 60 days after the plaintiff received notice of a denial of any claim?"

It is the submission of the second issue to which exception is taken. As to that issue, the court said:

"the burden of proof is on the plaintiff to prove, by a preponderance of the evidence, that this suit was commenced within 60 days after she had notice of the denial of her claim. If she fails to prove that by a preponderance of the evidence then again your verdict must be for the defendant."

Now, it is claimed that no such issue can be submitted to the jury, for the reason that §1465-90, GC, provides that the right of the claimant to participate must be determined upon the evidence found in the transcript of the proceedings before the Commission upon the rehearing and that as the transcript could not possibly contain anything relating to the time of the receipt of notice of a denial of the claim, that to so construe the statute would deprive all claimants of any chance of success on appeal, which would defeat the purpose of the statute, and be an absurdity.

But does §1465-90 GC, preclude the introduction of evidence dehors the transcript? As we construe that section, it does limit the evidence to that contained in the transcript upon the issue that was before the Commission upon the rehearing. That issue was "The right of the claimant to participate" in the fund. That issue would be determined on appeal as of the date of the rehearing before the Commission upon the evidence in the transcript. A right that existed then might, however, be lost by events happening subsequently to that rehearing. §1465-90 GC, does not exclude evidence upon any such issue raised by the pleadings. One of the ways that the right might be lost is failure to appeal within the time prescribed by law, thereby giving

to the denial by the Commission the quality of finality. In **Beach v Gas & Electric Company, 130 Oh St 280,** at 284, it is said:

"Compliance with such provisions, the filing of a petition within sixty days, and the making of the defendant self-insurer a party to the action are, under the foregoing section, made conditions sine qua non to the assumption of jurisdiction by the trial court. To hold otherwise we would have to ignore those statutory requirements by judicially deleting them from act. These requisites are not found in previous acts but were inserted for the first time in the amendment of **§1465-90, GC,** in the year 1925, thus conclusively showing a legislative purpose of making them an essence of jurisdiction."

It is seen from this quotation that the requirement that the appeal be taken within sixty days, if at all, is a limitation—and more. It is a condition "sine qua non to the assumption of jurisdiction by the trial court."

Where the jurisdiction of the court depends upon the existence of certain facts and those facts are disputed, we see no error in submitting such issue to the determination of the jury.

But it is said there was no dispute as to the facts and that, therefore, the issue was one of law which the court should have decided in passing upon this contention of counsel, the trial court said: "The answer of the defendant does not admit the date when plaintiff received notice of the disallowance of her claim." An examination of the answer discloses that it would be necessary to give the allegations a very broad interpretation to make them include an admission of the date of receipt of notice by the plaintiff. However, an examination of the petition discloses that there was no averment of notice at all. The plaintiff alleges the jurisdictional fact in this language:—"And, thereafter, to-wit, on or about the 4th day of June, 1937, the Commission again disallowed said claim for the same reason; and now, within sixty days thereafter, the plaintiffs filed this their petition on appeal." Of course, if the appeal was filed within sixty days of the denial on rehearing it was necessarily filed within sixty days of the notice. The answer certainly admits the date of the denial on rehearing, and the date of filing the appeal was conclusively proven

by the records of the court in this case, or which the court would take judicial notice. There was, therefore, no such issue of fact to be submitted to the jury. We are of the opinion that it was prejudicial error to submit as an issue of fact that which was not an issue. **Baltimore & Ohio R. R. Co. v Lockwood, 72 Oh St 586.**

(2) Counsel for plaintiffs requested the court to give this special charge in writing before argument:

"In order to entitle plaintiffs to your verdict, it is not necessary that it be either clearly or satisfactorily proved that Homer Gillen suffered an injury in the course of his employment for the Maxwell Paper Company, or that he suffered disability or death, or that such disability and death were proximately caused by such injury. It is only necessary that from the evidence you find it more probable or likely that he suffered an injury in the course of and arising out of his employment by said company at or about the time and substantially in the manner alleged in the petition, that he was disabled and died at the time alleged in the petition, and that such injury was a proximate cause of such disability and death, than otherwise."

The charge is a correct statement of the degree of proof required of the plaintiffs in this case, and the court erred in refusing it.

(3) It is claimed that the court erred in permitting defendant to introduce testimony of fellow employees as to whether the deceased employee had mentioned any injury or accident to them. While the court later instructed the jury to disregard this evidence, it is claimed that did not sufficiently cure the error. As the judgment must be reversed on other grounds, it is sufficient to say that the court made the proper ruling in excluding the evidence.

(4) Next, it is urged that the court erred in admitting testimony of fellow employees that they had heard no talk of any accident of Homer Gillen before the application for compensation was filed. The only testimony of this character to which our attention has been called is that of Karl Graffan, who was the foreman in the department where Gillen was working at the time of the alleged injury, and he testified that under the rules of the company it was the duty of the employees to report accidents or injuries in the depart-

ment to him. A report to the employer by the employee was necessary in order that the employer could comply with §1465-99, GC, requiring the employer to keep a record of all injuries and report them to the Commission within one week of the happening of the injury Silence when there is a duty to speak, when certain conditions exist is some evidence that the conditions do not exist. It is an admission that the occasion for speech has not arisen. **17 Ohio Jur, §245, p. 314.**

(5) The exclusion of statements made by the deceased employee concerning his injuries to various persons was proper, as they were self-serving and fell within no exception to the rule of exclusion.

This rule applies to statements made to his physician as to the cause of his injuries. **Coutellier v Industrial Commission, 126 Oh St 546.**

(6) Special charge number three that the deceased employee was under no obligation to mention his injuries to any employee of his employer was too broad, in that it disregarded the rule of the employer requiring reports of injuries to the foreman. It was properly refused.

(7) The court charged the jury that all of the assumed facts stated in an hypothetical question had to be found to be true by the jury before the opinion based thereon would be of any value and that "If any assumption is not warranted then his answer is of no value." This stated the rule too strongly against the weight to be given to expert testimony. If the jury should find that all the elements of the hypothesis had been substantially proven, then it should give to the opinion based thereon such weight as it is entitled to under all the circumstances. **Haas v Kundtz, 94 Oh St 238,** at 274, et seq. As the case will be retried, it should be stated that immaterial data should not be included in the hypothesis upon which an opinion is sought.

(8) It is claimed the court erred in admitting the testimony of Dr. Max Peet, who performed the operation removing a tumor from the brain of the deceased employee. In **Industrial Commission v Warnke, 131 Oh St 140,** the Supreme Court held that the provisions of the Workmen's Compensation Act (§§1465-91, 1465-95, GC particularly) had modified §11494, GC,

so that in cases against the Industrial Commission for compensation the right to waive the privilege survived to the widow of the deceased employee and that the attending physician was a competent witness as to knowledg, and information gained in his professional capacity. Now by §11494, GC, the privilege may be waived in one of two ways:— "(1) By express consent of the client or patient; (2) and if the client or patient voluntarily testifies, the attorney or physician may be compelled to testify on the same subject." The plaintiff did not consent that the physician should testify, so that the only question is whether she waived the privilege by taking the witness stand. It appears that her testimony related to the general physical condition. She did not testify to any communication between her husband and the physician or to any advice given by the physician to his patient. Such testimony by a patient does not constitute a waiver of the privilege. **Harpman v Devine, 133 Oh St 1.** We see no reason to hold that similar testimony by the widow of the patient would have a greater effect.

An examination of the testimony of Dr. Peet discloses that he testified that he performed an operation whereby the brain tumor was removed and then testified that, in his opinion, this tumor could not have been caused by the kind of a blow on the head, which it was claimed the employee received. He was cross examined at great length on the basis of his opinion and his qualification as an expert.

As it was undisputed that the immediate cause of death was tumor of the brain and that he had submitted to two operations for the purpose of removing it, we are of the opinion that no prejudice resulted from permitting Dr. Peet to testify that he performed the operation. His opinion as an expert, based on hypothetical questions, was competent notwithstanding he had been the attending physician. To exclude his opinion based on actual knowledge when that knowledge conformed to the admitted facts rather than having it elicited in answers to the same facts stated hypothetically certainly would be giving too much consideration to a mere difference in form. We would not reverse the judgment on that ground.

We find no other error prejudicial to the appellant.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.