Booker, Appellee, *v.* The Industrial Commission of Ohio, Appellant.

(No. 7704—Decided April 13, 1953.)

*Messrs. Hoover, Beall, Whitman & Eichel,* for appellee.

*Mr. C. William O'Neill,* attorney general, and *Mr. David V. Attig,* for appellant.

MATTHEWS, P. J. The record shows that the plaintiff filed her petition; that the defendant filed its answer and a certified transcript of the record of the proceedings had before it, including defendant's denial of the plaintiff's claim on rehearing, and the date thereof; that a trial was had; that a verdict that plaintiff was entitled to participate in the Workmen's Compensation Fund was returned; and that a judgment was entered thereon.

This appeal is from that judgment. No bill of exceptions was filed and, therefore, we are not advised as to what took place at the trial. The transcript shows that motions for judgment notwithstanding the verdict, and for a new trial were filed, both of which were overruled by the court. Those motions are among the original papers on file in this cause. The basis of the motion for judgment was that, ''upon the pleadings and upon the evidence received upon the trial,'' defendant was entitled to judgment. The basis of the motion for a new trial was that the verdict and judgment are not sustained by the evidence and are contrary to law; that there was error in the admission and rejection of evidence, and in the general charge; and that other errors were apparent on the record.

There is sufficient in the pleadings and record to disclose that the only issue raised by the pleadings and contested at the trial was the defendant's denial that plaintiff was a dependent of the employee whose death had occurred in the course of his employment from a cause arising out of his employment.

In the briefs and on oral argument in this court, the only ground urged for a reversal of the judgment

is that the record fails to disclose facts necessary to confer jurisdiction on the court. That contention is based on the fact that there is no allegation in the petition of the date of the final disallowance of the claim or of the receipt of notice of such disallowance by the plaintiff. It is claimed that this is a permanent defect rendering all the proceedings beyond the court's jurisdiction and void. As there is no bill of exceptions, the claim is that conclusive proof at the trial that the action was commenced within 60 days of receipt of notice of disallowance of the claim would not cure the defect. Two Ohio cases are relied on.

The first of these cases is *Gillen* v. *Industrial Commission,* 59 Ohio App., 241, 17 N. E. (2d), 663, decided by this court. It is true that one of the contentions in that case was that there was no dispute as to the facts and that, therefore, no issue of fact for decision by either court or jury as to the jurisdiction to hear and determine the cause was presented. However, on examination of the record, the court found that the plaintiff had alleged in his petition the date of the disallowance of his claim and that he was filing his petition within 60 days thereof, which necessarily meant that he was filing it within 60 days of notice, and that the allegation as to the filing was conclusively proven by the court records, and, for that reason, there was no such issue of fact for decision and that its submission to the jury was erroneous and prejudicial. In the course of our discussion of that contention, we stated that we were of the opinion that if such an issue of fact existed we saw no error in submitting it to the jury for its determination. We did not then say and do not now say that it was necessary in any case to submit this issue to the jury. We had in mind Section 11380, General Code, which authorizes the court, in its discretion, to submit any issue of fact to a jury. Of course, unlike when litigants are entitled under the

Constitution to have the issue of fact determined by a jury, the court is not bound by the finding even though supported by substantial evidence. It is advisory only. In *Morgan* v. *Spangler,* 20 Ohio St., 38, the court held, as stated in the fifth paragraph of the syllabus, that where an issue of fact is submitted to a jury in a chancery case, its findings are not to be regarded ''as necessarily conclusive, but are subject to review by the court at its discretion.'' This is in accordance with and an adoption of the chancery practice.

In 19 American Jurisprudence, 277, Section 404, it is said:

''The equity court may, in its discretion, set the finding aside and grant a new trial, it may disregard the finding and proceed to hear the cause and decide contrary to the verdict, or it may adopt the verdict partially and give it a limited effect.''

At page 278, Section 404, *ibid.,* it is said:

''The verdict is not, however, a mere form; and it will be made the basis of the decree, unless the court sees good reason for rejecting it and making a decree against it.''

Of course, where the issue relates to a fact upon which the jurisdiction of the court depends, no relief can be awarded until that fact has been determined, but when the court in the *Gillen case* entered judgment on the verdict, it approved of the jury's finding that the jurisdictional fact existed. However, as we found that there could be no dispute as to the existence of the jurisdictional fact in that case, the court had erred in submitting it as an issue for determination by the jury.

In *Beach* v. *Union Gas & Electric Co.,* 130 Ohio St., 280, 199 N. E., 181, the facts were that the plaintiff at the time he was injured was an employee of The Union Gas & Electric Company, a self-insurer. Plaintiff filed an application for compensation with the Indus-

trial Commission, and, upon its disallowance, brought an action within 60 days thereafter under Section 1465-90, General Code, to compel its allowance, naming the Industrial Commission as defendant. About two years thereafter, the plaintiff had The Union Gas & Electric Company made a party defendant, alleging in its amended petition that making the Industrial Commission defendant originally was through mistake. The Union Gas & Electric Company demurred to the amended petition. The trial court sustained the demurrer, the Court of Appeals affirmed the judgment and on appeal, the Supreme Court affirmed the judgment of the Court of Appeals, holding that, ''where the period of limitation has expired between the suit's commencement and the time the new party is brought in, such party may plead the limitation statute in bar of his liability.''

It is manifest that neither the *Gillen case* nor the *Beach case* involved the question presented in the case at bar.

By Section 1465-90, General Code, the commission is required within 10 days after the filing of its answer to ''certify to such court a transcript of the record of such rehearing.'' The commission has construed the phrase, ''record of such rehearing,'' to comprehend the original application, its action thereon, the application for rehearing, its action thereon, and a transcript of the evidence. Accordingly, its certificate includes all those items. By them, the court was advised in this case that the plaintiff's claim was denied on rehearing on April 14, 1952. By reference to the transcript of the docket and journal entries in this case, and the clerk's file mark on the petition, we learn that this action was commenced on April 25, at which time defendant waived issuance and service of summons, and on June 30, 1952, filed an answer. The ac-

tion was, therefore, necessarily commenced within the time limited by the statute.

We are of the opinion that the trial court as well as this court is authorized to look at these documents for two reasons: (1) because they constitute a part of the record on rehearing and, therefore, were within the power of the commission to certify to the court, and (2) even though they were beyond the power of the commission to certify, the court had a right to inspect them to determine the existence of the jurisdictional fact in the absence of objection at the time. Defendant, having certified the fact, surely should have informed the court of any mistake that existed in the certification.

There is another reason that requires the affirmance of this judgment. The Common Pleas Court is a court of general jurisdiction of all civil actions.

In 1 Freeman on Judgments (5 Ed.), 819, 820, Section 383, it is said:

"To conclude from a mere want or insufficiency of jurisdictional recitals in the record of a court of general jurisdiction that jurisdiction was not actually acquired would be, in effect, to presume against the record, whereas it is a rule of general application that every intendment consistent with the record of such courts will be indulged to sustain their proceedings and judgments. The rule is that upon collateral attack of a domestic court of general jurisdiction the want of jurisdiction or invalidity of the judgment must affirmatively appear upon the record itself, and until the contrary appears it will be presumed that the court had jurisdiction."

We think a reading of Section 1465-90, General Code, is sufficient to make it clear that this action is a civil action, governed by the Code of Civil Procedure and all the principles applicable thereto.

In *Magevney* v. *Karsch,* 167 Tenn., 32, 65 S. W. (2d), 562, 92 A. L. R., 343, it was held, as stated in the seventh paragraph of the A. L. R. headnotes:

"Where an attack is made upon a judgment or decree of a court of general jurisdiction by parties or their privies, such judgment or decree cannot be questioned except for want of authority, found in the record itself, over the matter adjudicated upon."

The court so held as to an adoption proceeding and at page 42 (92 A. L. R., 350), quoted from the opinion of the Supreme Court of the United States in *Galpin* v. *Page,* 85 U. S. (18 Wall.), 350, 371, 21 L. Ed., 959, as follows:

" 'The qualification here made that the special powers conferred are not exercised according to the course of the common law is important. When the special powers conferred are brought into action according to the course of that law, that is, in the usual form of common-law and chancery proceedings, by regular process and personal service, where a personal judgment or decree is asked, or by seizure or attachment of the property where a judgment *in rem* is sought, the same presumption of jurisdiction will usually attend the judgments of the court as in cases falling within its general powers.' "

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.