## No. 427
## SALHANY v. VAN SICKLE et

Ohio Appeals, 9th Dist., Summit Co.

No. 1092. Decided March 3, 1926

677. JUDGMENTS—1. To be valid, court must have jurisdiction of parties.

2. No service being had against defendant, judgment rendered against him is void.

3. Injunction will be granted to restrain enforcement of void judgment.

1085. SERVICE OF PROCESS—When service is had against one party, and he proves to be wrong party sued, pleading not to be amended to show right party, without service upon such new party.

PER CURIAM.

This case was tried in Summit Common Pleas on an agreed statement of facts as follows:

Van Sickle commenced action against one James A. Salhany in Akron Municipal Court for damages arising out of an automobile accident; that summons was mailed him to his address; that he filed answer; that trial was had and it was determined that Essa Salhany, plaintiff in this action was the driver of said automobile, that at the conclusion of the evidence, James A. Salhany moved for dismissal; that Van Sickle moved to substitute the name of Essa Salhany as defendant, that court allowed such motion and judgment was rendered against the said Essa Salhany.

Salhany now contends that as no summons was issued upon him, and as he never appeared in court, the judgment rendered against him in Akron Municipal Court is void, and therefore prays for injunction against Van Sickle to prevent him from enforcing said judgment. Injunction was denied in common pleas court and Salhany appealed. Court of Appeals held:

1. It is essential, to render a judgment valid, that court rendering same, have jurisdiction of the party against whom it is rendered.

2. The original action having been started against one party, another cannot be substituted without service of summons.

3. Service never having been had on Salhany, and he never having entered appearance, judgment rendered against him is void and

injunction granted to restrain enforcement thereof.

Judgment of Common Pleas reversed.

Attorneys—Lee J. Myers for Salhany; Slabaugh, Seiberling, Huber & Guinther for Van Sickle; all of Akron.

## No. 428
## STATE ex GOEBEL v. BROWN, et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2802. Decided March 1, 1926

291. CONSTITUTION—1. Constitution of Ohio places upon the State the obligation to care and provide for its insane wards.

2. Method for doing so to be left to General Assembly.

PER CURIAM

Herman Goebel and other taxpayers of Hamilton county instituted this action in the Hamilton Common Pleas against Clifford Brown, Mason Trowle and Jacob Krollman, as the board of County Commissioners, and John E. Harper, Director of Public Welfare.

Goebel prayed that Harper be restrained and enjoined from carrying out provisions of a lease, containing an option to purchase Longview Hospital, situated in and owned by the county of Hamilton. Goebel's petition in the lower court was dismissed.

Error was prosecuted to reverse the lower court's judgment; and it is claimed that the option price is inadequate, and that the Commissioners will, if permitted to go on with the sale, abuse their powers to an extent amounting to a fraud on the county. The Court of Appeals held:

1. The question is: Has the state the power to acquire property for State asylum purposes; and if so, has the board of county commissioners abused its discretion in entering into the arrangement denominated a "lease or option" of county property?

2. The Constitutions of 1851 and 1912 placed upon the State the obligation to care for its insane wards, the method for so doing being left to the General Assembly.

3. In this case the legislature has acted and authorized a procedure so far as the state is concerned.

4. There is no constitutional inhibition of and when the state proceeds to consummate the purchase.

5. Carrying out of the sale would be fair to the State and beneficial to the county and its inhabitants.

Judgment affirmed.

Attorneys—Herman P. Goebel, Cincinnati, for State ex; Chas. S. Bell and Chester S. Durr, Cincinnati, for Commissioners; C. C. Crabbe and H. H. Griswold, Columbus, for Harper.