Jones, J.
 

 The gas company was a self-insurer. After the Industrial Commission had denied the claimant’s application for compensation, the claimant, on February 13, 1931, filed his petition in the Common Pleas Court naming the commission as a party defendant. It was not until March 7, 1933, more than two years thereafter, that the claimant, discovering his
 
 *283
 
 mistake, filed an amended petition in which, for the first time, he made the gas company, the employer, a party defendant and caused a summons to be issued to it. The sole question to be determined is whether the claimant’s action against the gas company was brought within the time limit for the commencement of an action against it; and that question must be determined by the legal analysis and construction of Section 1465-90, General Code (111 Ohio Laws, 227), which was in effect during these entire proceedings. After providing rules of procedure for the hearing and rehearing of claims by the commission, and after a finding by it that it has no jurisdiction of the claim, etc., Section 1465-90, General Code, provides that “the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the common pleas court. # * * If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the industrial commission and summons shall be issued to the industrial commission and also to the attorney general. If the claimant is seeking compensation from an employer who has qualified to pay compensation direct, as provided by Section 1465-69, * * * the defendant in such action shall be such employer and summons shall issue to such employer. Further pleadings shall be had in accordance with the rules of civil procedure.”
 

 We
 
 have heretofore held that the jurisdiction of the Common Pleas Court cannot be invoked in compensation cases until the requirements of Section 1465-90, General Code, have been complied with. The nisi prius court has “only such jurisdiction as is bestowed by the Workmen’s Compensation Law.”
 
 Industrial Commission
 
 v.
 
 Ramsey,
 
 119 Ohio St., 497, 164 N. E., 509. Section 1465-90, General Code, explicitly provides that if a claimant seeks compensation from a self-insuring employer, the defendant in the action in the Common
 
 *284
 
 Pleas Court “shall be such employer and summons shall issue to such employer.” Compliance "with such provisions, the filing of a petition within sixty days, and the making of the defendant self-insurer a party to the action are, under the foregoing section, made conditions
 
 sme qua non
 
 to the assumption of jurisdiction by the trial court. To hold otherwise we would have to ignore those statutory requirements by judicially deleting them from the act. These requisites are not found in previous acts but were inserted for the first time in the amendment of Section 1465-90, General Code, in the year . 1925, thus conclusively showing a legislative purpose of making them an essence to jurisdiction.
 

 The contention of counsel for plaintiff in error rests upon the assumption that the filing of a petition is not a new action but is merely a continuation of an existing proceeding, similar to appeals where no further process is required; and that, being appealable in character, an amendment substituting the employer is authorized by our statute of jeofailes pertaining to amendments of pleadings and process. (Section 11363, General Code.) However, the trial court had no power by an amendment substituting a new party in the action to forestall thereby the right of such party to invoke the statutory period of limitation as a bar to the action against him.
 

 The commission disallowed the claim on January 5, 1931. On January 7, 1931, claimant received notice of the disallowance. The act empowers a claimant with the right to file his petition in the Common Pleas Court “within sixty days after receipt” of such notice. Had the claimant brought his action against a defendant self-insurer, and no other, after the sixty-day period, the self-insurer could have invoked the bar of the statute in his defense. The commencement of the action against the self-insurer began with the filing of the amended petition and the causing of a summons
 
 *285
 
 to issue for the named defendant. (Section 11230, General Code.) After the new or substituted defendant has been made a party to the action he is then formally advised, for the first time, of the nature of the plaintiff’s cause of action against him, and is given an opportunity of pleading his defenses, including one interposing the bar of the statute. “It is a general rule, where an amendment is made by which new parties defendant are introduced, that if between the time of the commencement of the suit and the time when they are brought in, the period of limitation has expired, they may plead the statute in bar of their liability although the defense may not be available to the original defendants.” 17 Ruling Case Law, 824.
 

 Among the many cases supporting the foregoing statement of the law, some of which are cited in the text, are the following:
 
 Bonte
 
 v.
 
 Taylor,
 
 24 Ohio St., 628;
 
 Leatherman
 
 v.
 
 Times Co.,
 
 88 Ky., 291, 11 S. W., 12, 3 L. R. A., 324, 21 Am. St. Rep., 342;
 
 Seibs
 
 v.
 
 Engelhardt,
 
 78 Ala., 508;
 
 Jeffers
 
 v.
 
 Cook,
 
 58 Cal., 147;
 
 Shaw
 
 v.
 
 Cock, Treasurer,
 
 78 N. Y., 194;
 
 New York State Monitor Milk Pan Assn.
 
 v.
 
 Remington Agricultural Works,
 
 89 N. Y., 22;
 
 Miller’s Heirs
 
 v.
 
 M’Intyre,
 
 31 U. S. (6 Pet.), 61, 8 L. Ed., 320.
 
 Bonte
 
 v.
 
 Taylor, supra,
 
 presents a case analogous to this and is particularly in point.
 

 We are of the opinion that the commencement of the-action against the gas company began when the claimant made the latter a party thereto in his amended petition filed on March 7, 1933, and caused a summons to be issued for the new defendant; and that the newly made defendant had the right to interpose, as a defense, the bar of the statute which required the claimant to bring his action in the Court of Common Pleas within sixty days after receiving notice of the dis-allowance of the claim by the commission. The trial court did not err in sustaining the demurrer to the
 
 *286
 
 third amended petition. The judgment of the Court of Appeals will he affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias, Day and Zimmerman, JJ., concur.