**THRASHER, Appellant v. KELLY et, Admrs., Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6265.   Decided June 19, 1943.

W. B. Mente, Cincinnati, for appellant.

Nichols, Wood, Marx & Ginter, Cincinnati, Nichols, Speidel & Nichols, Batavia, and Harry Kasfir, Cincinnati, for appellees.

## OPINION

By HILDEBRANT, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio, sustaining a motion to quash service of summons and dismissing the petition.

Defendant Kelly, a resident of Hamilton County, Ohio, and defendant Speidel, a resident of Clermont County, were by the Probate Court of Clermont County appointed administrators of the estate of a Clermont County decedent.

On October 13, 1942, an action was properly brought by virtue of §11277 GC, against the defendants as such administrators in Hamilton County and summons issued for both defendants, one to the sheriff of Hamilton County and the other properly by virtue of §11282 GC, to the sheriff of Clermont County. Service on Kelly was had October 15, 1942 and on Speidel on October 23, 1942.

Meanwhile on October 15, 1942 at 9:30, A. M., Kelly submitted his written resignation to the Probate Court of Clermont County, Ohio, as follows:

"To the Honorable the Judge of the Probate Court of said County:

"The undersigned, co-administrator of the estate of Edith B. Harris, deceased, has been commissioned in the Army of the United States and ordered to report for active duty October 18, 1942, and, desiring to be released from further administration of this trust, hereby tenders to the Court his resignation of said trust and prays that the same may be accepted.

WILLIAM C. KELLY."

Whereupon, the Court accepted the same, and the following entry was placed upon the journal of the Probate Court prior to 10:00, A. M., October 15, 1942:

"This day came William C. Kelly, co-adminstrator of the estate of Edith E. Harris, deceased, and tenders to the Court his resignation as such, which for good cause shown is hereby accepted.

"Russell F. Speidel shall continue the administration of said estate as sole administrator until further order of the Court."

The motion to quash the summons made by defendant Speidel was accompanied by the affidavit of the Probate Judge of Clermont County in re the resignation of Kelly, as above stated.

Plaintiff claims the Court of Common Pleas was without jurisdiction to consider the motion to quash, and, having jurisdiction, the Court erred in making the order it did, for the reason that the action was properly pending and the resignation of one administrator was ineffective to defeat it.

**32 O. Jur., p. 498:** "Objection to the sufficiency of service may be taken by answer, or, ordinarily, by motion to quash the writ or service."

**32 O. Jur., p. 504:** "Service of summons may be set aside upon motion if the writ or the service is invalid, * * *. The basis of a motion to set aside service may appear * * * from affidavits contradictory to the return or may appear in some other way. In support of a motion to set aside service any fact showing that the service is not correct may be shown." **Goodrich v Hamer, 8 Ohio D. Rep., 441; Grady v Goslins, 48 Oh St 665.**

Appellant contends the resignation improperly accepted, not being accompanied with an account, but the Court feels proceedings were regular under §10506-56 GC, requiring the account to be filed by the remaining fiduciary, not the co-fiduciary resigning.

Plaintiff argues the Court cannot regard fractions of a day and cites §11230 GC, also §11231 GC, in support thereof.

However, the operation of those sections is confined to the particular chapter in which they appear by the language there, to-wit: Title IV, Chapter II, Limitation of Actions. **Coughlin v Monastery of the Holy Cross et al., 59 Oh Ap 433; Feigi v Lopartkovich, 38 Oh Ap., 338; Bacher v Shawhan, 41 Oh St 271, 272.**

The rule that fractions of a day are not generally considered in the legal computation of time is true only in a limited sense and being a mere legal fiction will yield to considerations of right and justice.

The following entry appears in the record:

"This matter came on to be heard on the motion of Russell Speidel, administrator of the estate of Edith B. Harris, deceased, one of the defendants herein, to quash the service of summons heretofore made and returned herein and the same was argued by counsel and submitted.

"On consideration of said motion the court finds it well taken and does sustain the same.

"It is therefore ordered, adjudged and decreed that the service of summons on William C. Kelly, administrator, and Russell Speidel, administrator, be and the same is hereby quashed and held for naught, and it is further ordered that this cause be and the same is now dismissed at the costs of the plaintiff, to all of which plaintiff, by her counsel excepts."

If the record here disclosed affirmatively that service on Kelly was made subsequent in point of time to the filing and acceptance of his resignation and the entry thereof in the Probate Court records of Clermont County, an exception to the general rule might be applied. But there is nothing in the record including the entry of the Court below quashing the service and dismissing the petition to show that fact to this Court. The burden of showing that the resignation was completed prior to the service is on the movant. There being nothing in the record to reveal that fact to this Court, he has failed to sustain that burden.

The way is open to him in the Court below to defend on that and other grounds.

Judgment reversed and cause remanded for further proceedings according to law.

ROSS, P. J., and MATTHEWS, J., concur.