WINLAND, PLAINTIFF-APPELLANT, *v.* WARD, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26059.   Decided December 13, 1962.

*Mr. John M. Ferencz,* for plaintiff-appellant.
*Messrs. Hauxhurst, Sharp, Cull & Kellogg,* for defendant-appellee.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

HUNSICKER, P. J.   Robert Winland filed, on July 18, 1960, an action in the Common Pleas Court of Cuyahoga County, alleging that on August 4, 1959, he sustained personal injuries and property damage when one Willie F. Ward negligently

operated his automobile into the automobile being driven by Robert Winland.

Service of process was not made upon Willie F. Ward until June 8, 1961, when he was served at his usual place of residence. Various leaves to plead were granted Willie F. Ward, who, upon September 25, 1961, filed an answer which consisted of a general denial of the allegations of the petition.

On December 6, 1961, Willie F. Ward filed a motion for summary judgment, attaching to such motion two affidavits: one executed by himself, and the other executed by his wife, Willie R. Ward. The affidavit of Mrs. Ward stated that she was the operator of the motor vehicle which was involved in an accident with Robert Winland, and that her husband, Willie F. Ward, the defendant in the trial court, was not present in the automobile, and was in no way involved in the accident.

Robert Winland, who in his petition referred to the defendant in the masculine gender, then asked the trial court to amend the petition to substitute the feminine gender for the masculine gender where appropriate, and also to substitute the name of "Willie R. Ward" for "Willie F. Ward" in the petition and in the summons. The motion to amend was overruled, and a judgment was entered in favor of the defendant, Willie F. Ward.

It is from such judgment that an appeal on questions of law is before this court.

The statute of limitations for the bringing of an action against Willie R. Ward, the wife of Willie F. Ward, has elapsed. The one hope Mr. Winland has is to be successful in his appeal herein.

The only error assigned is that the judgment is contrary to law.

We do not doubt but that Mrs. Ward realized, when a summons came to the residence alleging that her husband was involved in a motor vehicle accident on August 4, 1959, that it was she who was meant to be sued, and not Mr. Ward. The attorney for Mr. Winland, and Mr. Winland himself, must have understood that they were suing Mr. Ward, for, in addition to the name of Mr. Ward, the petition indicated the defendant to be a male person, and not a female person, although Mr. Winland must have known that the individual who he alleged caused the accident was a woman.

The rule as to the purpose of a summons is set out by this court in *Inman* v. *Radjevick*, 14 Ohio Opinions, 80. This court there set out the authorities which sustained the rule announced that:

"4. Where summons is duly served on the real party in interest, who is the one actually intended to be sued, even under a wrong or inaccurate appellation, he must take timely advantage of the error by appropriate plea. If he fails to do so, he will be deemed to have waived the defect and will be concluded by the judgment rendered against him."

*Maloney* v. *Callahan*, 127 Ohio St., 387.

In the instant matter, we do not have a situation where there is a misnomer. In the case before us, Mr. Ward was sued, and he received residence service of process. We do not have before us a situation as existed in *Maher* v. *Deam*, 137 N. E. (2d), 149, or *Claxton (Claxon)* v. *Simons (Simon) et al.*, 177 N. E. (2d), 511. Our case indicates only that the wrong party was sued, and the statute of limitations does not now permit suit to be brought against the one who admittedly was involved in the motor vehicle collision.

Names are used to identify persons; and where, as here, there is a similarity of names, the middle initial serves to distinguish the person sued. Judge Skeel, of this court, said, in *Claxton (Claxon)* v. *Simons (Simon) et al.*, 177 N. E. (2d), 511, at p. 514:

"The name by which a person is known is the name by which he must be designated in an action brought against him where service is other than personal service."

In the case before us, Willie F. Ward was sued, and the apparent intention of the plaintiff, Winland, was to sue a male person of that name. The trial court was not in error when it granted the summary judgment in this case. The judgment must be affirmed.

Judgment affirmed.

DOYLE and DONAHUE, JJ., concur.