Bloom, Appellant, *v.* Holzhauer, Appellee.*

(No. 336—Decided May 6, 1963.)

*Mr. Stephen A. Mack*, for appellant.
*Messrs. True & Meyer*, for appellee.

Fess, J. This is an appeal on questions of law from a judgment dismissing the petition after sustaining a demurrer thereto

---

*Motion to certify the record (38320) overruled, December 18, 1963. This case was decided prior to the decision of the Supreme Court in *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St., 498.

on the ground that it appears on the face thereof that the action was not brought within two years after the alleged injury.

The petition alleges that plaintiff's injury occurred on February 2, 1957. On January 30, 1959, summons was issued upon the petition to the Sheriff of Ottawa County commanding him to serve Alfred Hohlsauer. On February 3rd the sheriff returned the summons to the clerk of courts and orally advised her that there was no Alfred Hohlsauer but that there was an Albert Holzhauer at 423 E. Second Street, Port Clinton, Ohio, and requested the clerk to call counsel for the plaintiff at Toledo, Ohio.

As a result of such call the clerk changed the name of the defendant in the caption and body of the petition and in the summons from Alfred Hohlsauer to Albert Holzhauer pursuant to instructions from plaintiff's attorney. Thereafter service was made pursuant to the amended summons on Albert Holzhauer on February 4th and return thereon duly made as follows:

"Received this writ 30th, January, 1959, at 2:00 o'clock p. m. And on February 4th, 1959 I served the within Albert Holzhauer by personally handing him a true and certified copy thereof with all endorsements thereon."

On February 28, 1959, the defendant, under special appearance, filed a motion to quash said purported summons on the ground of its alteration and late service on February 4, 1959.

On March 25th, pursuant to praecipe therefor, an alias service of summons was also issued upon Alfred Hohlsauer, also known as Albert Holzhauer, and return of personal service was made thereon on April 1, 1959. Under special appearance defendant filed another motion to quash service upon such alias service on the ground that no action had been filed or was pending against the defendant and that the purported alias summons and return thereon were void.

The matter did not come on for hearing until October 13, 1961, when testimony was taken, and on October 24, 1961, a judgment was entered overruling plaintiff's motion to correct the name of the defendant from Alfred Hohlsauer to Albert Holzhauer and to correct the returns of the sheriff and quashing the purported service on the original and as well as the alias summons. Thereafter, on March 14, 1962, a journal entry was filed overruling plaintiff's application for rehearing upon the

motions upon which the court entered the order on October 23 (*sic*), 1961.

On October 11, 1962, defendant, without special appearance, filed his demurrer to the petition on the ground that it appears from the petition that the action was not brought within the time limited for the commencement of such actions. On October 16, 1962, the demurrer was sustained and on October 19, 1962, it appearing that the plaintiff did not desire to further plead, the petition was dismissed and judgment entered for the defendant.

Plaintiff filed his notice of appeal on questions of law from the judgment of October 19, 1962, on November 8, 1962.

Defendant has filed a motion to dismiss the appeal on the ground that it was not taken within 20 days after the entry of the final order from which the appellant should have appealed.

It is true that an order quashing service of summons, the effect of which is to put the party out of court, is a final order from which an appeal may be taken even though no entry of dismissal of the petition is made, if the order has the consequence of ending the case and the plaintiff's right therein by holding that the defendant is not amenable at all to the jurisdiction of the court and its process. 2 Ohio Jurisprudence (2d), 612. But in the instant case the defendant was a resident of Ottawa County and amenable to the jurisdiction of the Common Pleas Court as evidenced the several attempts to procure service upon such defendant. In our opinion, under the circumstances of this case, the foregoing principle should not be applied to defeat the right of the plaintiff to appeal, who has elected to await the final dismissal of his action before taking his appeal. The appeal being taken from the order of dismissal, the claimed error of the court in quashing the service of summons is preserved for determination in the instant appeal. The motion to dismiss the appeal is, therefore, overruled.

Section 2305.17, Revised Code, provides:

"An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Section 1307.08 of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

Although it has been said that the legislative intent in enacting this section was to prevent parties from indefinitely prolonging a suspension of the statute of limitation by a mere attempt to sue, *Reid* v. *City of Dayton,* Dayton Term Rep., 104, and that it is confined to matters of limitation of actions, *Bacher* v. *Shawhan,* 41 Ohio St., 271; *Thrasher* v. *Kelly,* 73 Ohio App., 304, its provisions are to be liberally construed for the benefit of parties who act in good faith and are diligent in endeavoring to proceure service so as to have a case pending and make it possible, where there is such exercise of diligence and good faith and service subsequently effected, to extend the time of the running of the statute of limitations by 60 days.

An action is commenced upon the filing of a petition with praecipe for summons, the issuance of summons and delivery thereof to the sheriff. *Pilgrim Dis. Corp.* v. *Galsworthy,* 79 Ohio App., 529. Once the summons has been issued and delivered to the sheriff service thereon is complete, notwithstanding it is not actually made until after the running of the statute of limitations. *Ross, Sheriff,* v. *Willet,* 54 Ohio St., 150; *Armbruster, Admr.,* v. *Harrison,* 116 Ohio St., 490.

A distinction is drawn between the substitution of a new party defendant and the correction of a mistake in the name of the original defendant. As a general rule, where an amendment is made by which a new defendant is substituted for the original party defendant, and between the time of the commencement of the suit and the time when the new defendant is substituted, the period of limitation has expired, the new defendant may plead the statute in bar of his liability. *Beach* v. *Union Gas & Electric Co.,* 130 Ohio St., 280. On the other hand, where the substitution amounts merely to a correction of a mistake in the name of the original defendant without a change in his identity, no new cause of action is introduced and the substitution is permissible even after the statute of limitations has run. 8 A. L. R. (2d), 165, citing *Boehmke* v. *Northern Ohio Traction Co.,* 88 Ohio St., 156.

In the *Boehmke case* the defendant had voluntarily ap-

peared and answered in the name of and ostensibly as another person who was by the plaintiff named as defendant, but in the course of its opinion the court remarked:

"Our statute of amendments is very liberal. In furtherance of justice the court may amend any pleading, process or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect. * * * The court was right in amending the proceeding by substituting the name of the real defendant for whom its own attorneys appeared and made the defense for it in fact, though ostensibly for the company which was sued by mistake and whose legal personality, franchises, assets and obligations it had absorbed."

In *Armbruster* v. *Harrison, supra*, the suit was filed only three days before the period of limitation, and a summons issued the same day, to wit, February 18, 1926, and service was made by the sheriff and returned and filed by him all on the same day. The service was defectively made but the nature of the defect is not disclosed in the opinion. On March 13, 1926, defendant filed a motion to quash, which motion was heard April 2nd and sustained. On the same day an alias summons issued, and on April 3rd the same was returned by the sheriff showing proper and sufficient service. On April 30th defendant filed another motion to quash the service on the alias summons and also a motion to dismiss for the reason that the action was barred by the statute of limitations. The court remarked that "If the service of the alias summons did not constitute a commencement of the action within the time, it must be conceded that the cause should have been dismissed on the ground of being barred by limitation." The court then proceeded to construe the provisions of the second paragraph of Section 2305.17, Revised Code (then Section 11231, General Code), and held that in the interest of uniformity as well as in the interest of substantial justice the rule declared in *Ross, Sheriff,* v. *Willet,* 54 Ohio St., 150, should be affirmed.

It is, therefore, concluded that the instant action was duly commenced by the filing of the petition, the praecipe for summons, the issuance of summons and delivery thereof to the sheriff, and that the corrections made by the clerk upon instruction of plaintiff's attorney did not invalidate such service; that

144

the alias summons and service thereon constituted a diligent endeavor on the part of the plaintiff to procure service within sixty days.

As was the case of *Burton* v. *Buckeye Ins. Co.*, 26 Ohio St., 467, it is unnecessary to consider the question whether the voluntary appearance of the defendant on behalf of the demurrer to the petition was an appearance to the action and, if so, what would be its effect upon the question of limitation.

The judgments of the Common Pleas Court quashing services of summons and dismissing the action are reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

DEEDS, J., concurs.
SMITH, J., dissents.