HENNON, APPELLEE, v. BERNARD CONSTRUCTION CO.; ET AL., APPELLANT.

(No. 5351—Decided October 9, 1963.)

*Mr. Norman L. Costick* and *Mr. Richard Sternberg*, for appellee.

*Messrs. Slabaugh, Walker, Pflueger, Roderick & Myers*, for appellant.

HUNSICKER, P. J.   Julia Hennon brought an action against Bernard Construction Company for alleged injuries to herself and damage to certain personal property. The alleged injuries and damage occurred when a backhoe (a machine used for trenching operations) struck and damaged her house while she was in the home performing certain household duties. The house was repaired by Bernard Construction Company, an Ohio corporation. The company that owned and operated the backhoe—to wit, The Bernard Pipe Line Company—is a different corporation.

The Construction Company and the Pipe Line Company occupy the same building, but with separate offices. The executive officers of the companies are the same, although occupying different capacities. Many of the stockholders of the one company own stock in the other, although the list of stockholders is not identical.

Mrs. Hennon sued Bernard Construction Company, and service of summons was duly made upon the comptroller at the place of business of the Construction Company. This official was also the comptroller of the Bernard Pipe Line Company. Before the Hennon house was repaired, he came to that home and discussed the repairs with Mr. Hennon, and saw Mrs. Hennon there doing her housework.

At the time of trial, counsel for Mrs. Hennon, by written motion, asked that the Bernard Pipe Line Company be substituted as the party defendant in place of Bernard Construction Company. Over the objection of counsel for the Pipe Line Company (who also represented the Construction Company), the trial court granted the motion to substitute defendants. No service of summons was made upon the Pipe Line Company. At that time the statute of limitations had run against the alleged claim of Mrs. Hennon, and the Pipe Line Company then, by written motion, asked that the action against it be dismissed. The trial court refused to dismiss the action and proceeded to trial. A judgment was thereafter entered in favor of Mrs. Hennon against the Pipe Line Company.

It is this judgment that is now lodged in this court. The principal complaint is that the trial court had no right to substitute, by amendment, without service of process, one corporation for another and different corporation; and that, in so doing, after the statute of limitations had run in favor of the substituted corporation, the trial court committed error prejudicial to the substantial rights of the substituted corporation— to wit, Bernard Pipe Line Company.

This court, in one instance, and a majority of this court while sitting in another district in another instance, has had occasion to pass on an analogous matter involving individual defendants substituted in the manner as was done herein. These cases are: *Salhany* v. *Van Sickle*, 4 Ohio Law Abs., 333; and *Winland* v. *Ward*, 90 Ohio Law Abs., 513. We determined that, where service had not been had on the substituted defendant, and no appearance had been entered, a judgment rendered against the substituted defendant was void.

A judgment under the above circumstances, where the statute of limitations has run, and no opportunity is given to plead such fact, would also be a nullity.

The fact that we are dealing herein with different corporate defendants is not material, for the rule should equally apply to a substituted corporate defendant, as well as an individual. The court never secured jurisdiction of the party herein against whom the judgment was rendered.

In *Beach* v. *Union Gas & Electric Co.*, 130 Ohio St., 280, at page 285, the court approved the following general rule set out in 17 Ruling Case Law, 824, when it quoted as follows:

"It is a general rule, where an amendment is made by which new parties defendant are introduced, that if between the time of the commencement of the suit and the time when they are brought in, the period of limitation has expired, they may plead the statute in bar of their liability although the defense may not be available to the original defendants."

This rule is also stated to be the general rule in 8 A. L. R. (2d), 156, Section 79, with authorities cited.

Where a substitution of defendants is made that merely corrects a misnomer but the real defendant has been served a summons, the substitution in effect amounts to no more than the correction of an innocent mistake, and the statute of limitations is not a bar. Where, as here, the wrong party is sued, the mistake cannot be remedied after the period of limitations has elapsed by substituting a different corporation as the party-defendant.

The trial court, with the facts before it, should have denied the request for substitution of defendants. This court will reverse the judgment as rendered, and enter final judgment in favor of the Bernard Pipe Line Company.

Judgment reversed, and final judgment entered for the defendant.

*Judgment reversed.*

DOYLE, and STEVENS, JJ., concur.