McConnaughy, Plaintiff-Appellant, *v.* Kalil, Defendant-Appellee.

Ohio Appeals, Seventh District, Belmont County.

No. 999.   Decided November 18, 1963.

*Messrs. Thomas & Thomas,* for plaintiff-appellant.
*Messrs. Thornburg & Thornburg,* for defendant-appellee.

Jones, J.   This case is before the court as an appeal on questions of law from an order of the Common Pleas Court of Belmont County, Ohio, overruling the motion of the plaintiff-appellant for leave to amend the caption of his petition, the summons and the return thereof.

On March 18, 1961, appellant was involved in a motor vehicle collision, as the result of which he claims some injuries to his person.

On March 14, 1963, four days before the Statute of Limitations would have barred any action against the appellee, appellant filed his petition in the Court of Common Pleas of Belmont County.   The named defendant was "Albert Kalil."   On the

same day appellant filed his praecipe with the Clerk of Courts requesting that summons issue to the Sheriff of Belmont County "for service upon the defendant, who resides at 4010 Highland Avenue, Shadyside, Ohio." Summons was in fact issued by the Clerk and returned by the Sheriff on March 15, 1963, with a notation that "Albert Kalil" was served at his usual place of business.

On March 26, 1963, appellant filed the motion for leave to amend the caption of the petition, the summons and return thereof by correcting the christian name of the defendant Albert Kalil to George Kalil.

Appellant's motion came on for hearing before the trial court on April 8, 1963, whereupon testimony was had. Upon conclusion thereof the trial court overruled appellant's motion to amend the caption of his petition, the summons and return thereof.

Counsel for appellant has cited many cases in his brief to support the position that the trial court was in error.

The case at bar is distinguished from those cases cited by appellant on either of two grounds. First, the party sued and served with summons in the cited cases was the intended party defendant though improperly named. Secondly, service of process was proper in the cited cases and in accordance with the applicable Sections of Chapter 2703, Revised Code.

In the instant case there was actually an "Albert Kalil" who was properly served. In no way can this be stretched, under the statutes as interpreted by the cases, to include proper service upon "George Kalil," the actual driver of the other auto.

We find the case of *Winland* v. *Ward*, 90 Ohio Law Abs., 513, in point. The syllabus in this case reads as follows:—

"Names are used to identify persons and where there is a similarity the middle initial serves to distinguish the person sued and where Willie F. Ward was sued and received residence service of process, and it was the apparent intention of plaintiff to sue Willie F. Ward, a male person, and the real party in interest was Willie R. Ward, a female person, plaintiff cannot after the statute of limitations has run amend his petition to substitute the feminine gender and the name Willie R. Ward for Willie F. Ward in the petition and summons and

thus prevent the running of the statute of limitations in favor of Willie R. Ward.''

In the *Winland case* there was actually residential service and yet the Ninth District Court of Appeals held that service was not in accordance with law.

We concur in the opinion of Honorable Edmund L. Matz, and conclude that the trial court was not in error when it overruled appellant's motion. The judgment must, therefore, be affirmed.

BROWN, P. J., and FRANCE, J., concur.