STAUFFER, APPELLANT, *v.* THE ISALY DAIRY CO. OF PITTSBURGH, APPELLEE.

[Cite as Stauffer v. Isaly Dairy Co., 4 Ohio App. 2d 15.]

(No. 4546—Decided October 13, 1965.)

*Mr. Jerry Montgomery,* for appellant.
*Messrs. Carlyle & Carlyle,* for appellee.

LYNCH, J. This appeal is on questions of law from an order of the Common Pleas Court overruling the motion of plaintiff-appellant to substitute the name "The Isaly Dairy Company" for the name of "The Isaly Dairy Company of Pittsburgh" as party defendant.

It is a personal injury case in which plaintiff alleges in her petition that she was injured on or about September 28, 1962,

by a truck owned by the defendant and driven by its agent, which truck backed into her automobile while she was parked in a private parking lot and that as a result of this accident she sustained medical expenses amounting to $3,625.85 and had to incur expense amounting to $615 to hire persons to perform work that she was unable to do because of her injuries.

She filed her petition on August 20, 1964, against "The Isaly Dairy Company of Pittsburgh, a corporation authorized to do business in the State of Ohio, with Walter H. Paulo of 1033 Mahoning Avenue, Youngstown, Ohio, as its statutory agent for the purpose of service." To her petition, she attached interrogatories asking whether one of the defendant's trucks was involved in an automobile accident with plaintiff at the time and place alleged in the petition and, if so, whether the driver of the truck involved in the accident was operating within the scope and course of his employment.

On August 20, 1964, service was made on Walter Paulo, statutory agent of The Isaly Dairy Company of Pittsburgh. Answer day for the defendant in this petition was September 19, 1964, but nothing was done by defendant until September 28, 1964, when the attorney of defendant obtained leave of court to move or plead by October 19, 1964. Defendant still did not file anything until October 20, 1964, when it obtained leave of court to file its answer instanter. The answer admitted the corporate existence of defendant and made a general denial to the petition.

On November 6, 1964, defendant obtained leave of court to file its answer to interrogatories annexed to plaintiff's petition, in which it denied that any of its trucks was involved in an accident with plaintiff.

On December 5, 1964, plaintiff moved to substitute the name "The Isaly Dairy Company" for the name "The Isaly Dairy Company of Pittsburgh" in the petition, praecipe, summons and return of summons. The trial court overruled this motion, because The Isaly Dairy Company of Pittsburgh and The Isaly Dairy Company are two separate and distinct corporations, and the statute of limitations had run on the action against The Isaly Dairy Company. The trial judge cited the case of *Hennon* v. *Bernard Construction Co.*, 120 Ohio App. 157, as authority for his decision.

The attorney who represented The Isaly Dairy Company of Pittsburgh in filing its answer is the same one who is representing the defendant-appellee in this appeal.

There was no bill of exceptions filed in this case, so that we must decide this case on the basis of the transcript of the record. We will take judicial notice of the fact that the current City Directory lists The Isaly Dairy Co., 1033 Mahoning Avenue, with Walter H. Paulo as President, Secretary and General Manager.

There is nothing in the transcript of the record to show how the plaintiff obtained the name of "The Isaly Dairy Company of Pittsburgh," which she mistakenly named as defendant. Plaintiff's counsel in his argument before this court stated that he obtained this information by inquiry from the Secretary of State. However, since this does not appear in the record of this case, we cannot consider it.

Plaintiff contends that she intended to sue the Isaly Dairy Company, that the Isaly Dairy Company was served through one of its officers and thus had actual notice of this suit, that the designation of "The Isaly Dairy Company" as "The Isaly Dairy Company of Pittsburgh" was an error that she should be permitted to correct, that it was a coincidence that there was another corporation named "The Isaly Dairy Company of Pittsburgh" at the same address with its statutory agent being an officer of "The Isaly Dairy Company," and that substantial justice would be done to plaintiff by the permission of this substitution, while no harm would be done to "The Isaly Dairy Company," which at all times had notice of this claim.

The fact situation in this case concerns two intermingled corporations whose main offices are located in the same building at the same address. The person served with summons is an officer of both the corporation that is the party defendant and the corporation which is the subject of a motion to substitute as a party defendant. Both corporations have as part or all of their names the identical characteristic words "Isaly Dairy Company." The plaintiff was correct in the address of the corporation which she intended to sue and was correct in the name of the person who was served as a representative of the corporation that she intended to sue, but she was mistaken as to the correct name of the corporation.

Cases similar to this case are relatively few, and the decisions of comparable cases are in conflict.

We concede that *Hennon* v. *Bernard Construction Co.,* 120 Ohio App. 157, is a comparable case and is authority for the decision of the trial court. However, we strongly disagree with the decision in the *Hennon case* and feel that it results in an injustice to the plaintiff.

Furthermore, we feel that the *Hennon case* is contrary to the decision of the Ohio Supreme Court in the case of *Limbaugh* v. *Western Ohio Rd. Co.,* 94 Ohio St. 12, as well as the decision in the case of *Spence, Admx.,* v. *Commercial Motor Freight, Inc., of Indiana,* 99 Ohio App. 143. We prefer to follow the latter two cases in our decision on this case.

The conflict in the decisions of the cases revolves around the question whether such fact situations can be distinguished from similar ones involving two separate and distinct corporations having no connection with each other. We feel that such a distinction should be made. We further feel that the situation in the present case is a type of situation which should be made an exception to a general principle of law, rather than being forced to fit into a general principle of law developed for more common fact situations.

We will discuss the *Hennon, Limbaugh* and *Spence cases* in more detail later in this opinion, but first we want to cite the general principles of law that are pertinent to this case.

Section 2309.58, Revised Code, provides in part as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, * * *."

Section 1.11, Revised Code, provides in part as follows:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *."

There is a good summary of law applicable to this case stated in 34 Ohio Jurisprudence 2d 620-621, Limitation of Actions, Section 143, as follows:

"A question frequently before the courts is whether and under what circumstances a corporation may be effectively sub-

stituted as party defendant after the statute of limitations has run, for another corporation originally named as defendant. In theory, the answer to this question is fairly simple: If the substitution in effect amounts to not more than the rectification of a *misnomer*, the statute of limitations is not a bar; where, however, plaintiff sued the *wrong party* the mistake cannot be remedied after the period of limitations has elapsed any more than in the case where a wrong individual has been sued. In practice, however, this distinction is not easily applied, and the courts have reached different results on identical or similar facts. The real test by which the courts seem to be guided appears to be whether or not plaintiff actually has a cause of action against the legal entity which he attempts to substitute, and whether his fault in bringing action against a legal entity bearing a different name is only slight. In accordance with these principles it has been held that where an action is brought against a named corporation, its commencement within the limitation period is ineffective to stop the running of the statute of limitations against *another corporation* substituted for it after the statute has run. But the correction of the name of a corporation defendant, without any actual substitution of one corporate entity for another, does not constitute the substitution of a new party as defendant. That is to say, where the substitution amounts merely to *a correction of a mistake in the name of the original corporate defendant* without a change in its identity, no new cause of action is introduced and the substitution is permissible even after the statute of limitations has run."

See 8 A. L. R. 2d 156-157, 161.

A leading case in Ohio is *Beach* v. *Union Gas & Electric Co.*, 130 Ohio St. 280, of which the third paragraph of the syllabus is as follows:

"A court cannot, by permitting an amendment to a pleading making or substituting a new party defendant to an action, forestall the right of such party to invoke the statutory period of limitation as a bar to the action against him. The general rule is that, when an amendment is permitted introducing a new party defendant, where the period of limitation has expired between the suit's commencement and the time the new party is brought in, such party may plead the limitation statute in bar of his liability."

However, it must be noted that in the *Beach case* the plaintiff first filed an action against the Industrial Commission for workmen's compensation because of an injury sustained while employed with The Union Gas & Electric Co., which was a self-insurer and not subject to the Workmen's Compensation Act. A demurrer to plaintiff's attempt to amend his petition to add The Union Gas & Electric Co. after the statutory time for commencing an action was sustained.

But where a corporation was made aware of the filing of an action by the service of summons on one of its officers and the name of a corporation that did not exist was designated as party defendant, courts have permitted the substitution of the correct name of the corporation which was the real party in interest, even after the statute of limitations has run, on the basis that this would be a correction in the name of the corporate defendant rather than the substitution of one corporate entity for another  The mistake in the name of the defendant is called a misnomer. *Morgan* v. *Bayview Hospital*, 82 Ohio Law Abs. 499; *Bloom* v. *Holzhauer*, 119 Ohio App. 139; *State, ex rel. American Union Telegraph Co.,* v. *Bell Telephone Co.,* 36 Ohio St. 296; *Boehmke* v. *Northern Ohio Traction Co.,* 88 Ohio St. 156; *Maloney* v. *Callahan,* 127 Ohio St. 387; 8 A. L. R. 2d 161.

If the corporation named as a defendant formerly conducted the business operation out of which a tort action arose, but had transferred its business to another corporation, which is now liable in the tort action, and summons has been served on the real party in interest, the courts have held that under Section 2309.58, Revised Code, the plaintiff may amend his petition to correct the mistake in the name of the defendant corporation. *Boehmke* v. *Northern Ohio Traction Co.,* 88 Ohio St. 156; *Grooms* v. *Greyhound Corp.,* 16 Ohio Opinions 2d 201.

*Hennon* v. *Bernard Construction Co.,* 120 Ohio App. 157, concerned two corporations named Bernard Construction Company and the Bernard Pipe Line Company, whose offices were located in the same building but were separate, and whose executive officers were the same men, though serving each company in a different capacity. The claimed tort was committed while a house was being repaired by the Bernard Construction Com-

pany, but the operator of the machine committing the alleged tort was employed by the Bernard Pipe Line Company. Suit was filed against the Bernard Construction Company and service of summons was made upon its comptroller, who also was the comptroller of the Bernard Pipe Line Company. At the time of trial, which was after the statute of limitations had run against the Pipe Line Company, plaintiff moved to substitute the name of Bernard Pipe Line Company as party defendant in place of Bernard Construction Company. Over the objection of counsel for Bernard Pipe Line Company, who also represented the Bernard Construction Company, the trial court granted this motion. The case proceeded to trial, and judgment was entered against the Bernard Pipe Line Company. On appeal, the judgment was reversed on the basis that the trial judge should have denied the request for substitution of defendants.

In *Limbaugh* v. *Western Ohio Rd. Co.*, 94 Ohio St. 12, the plaintiff filed suit against The Western Ohio Railway Company and service was made on that defendant. At the trial it developed that the negligent acts were committed by The Western Ohio *Railroad* Company. The plaintiff called one F. D. Carpenter as a witness who testified that he was president of The Western Ohio *Railway* Company and was also general manager and vice president of The Western Ohio *Railroad* Company; and that the attorneys appearing for the *Railway* Company were also attorneys for the *Railroad* Company. The trial court sustained a motion of the plaintiff to substitute the name of The Western Ohio *Railroad* Company in place of The Western Ohio *Railway* Company. Counsel for defendant excepted and asked the court to direct a verdict for defendant. This request was refused. The trial of the case continued, and a verdict and judgment was rendered against the substituted defendant. The Court of Appeals reversed this judgment for the reason that the trial court "erred in substituting plaintiff in error as defendant below." The Supreme Court reversed the Court of Appeals and affirmed the decision of the Common Pleas Court. The first paragraph of the syllabus of this case is as follows:

"When the actual wrongdoer, who is not served or made a party defendant in an action, has been substituted for another

mistakenly sued, and, after such substitution, appears by counsel and contests the merits, it cannot afterwards question the jurisdiction of the court over it.''

It is submitted that the facts of the *Hennon case* are identical to the facts of the *Limbaugh case*, and that, therefore, the decision of the *Hennon case* is inconsistent with the law of Ohio as pronounced by the Ohio Supreme Court in the *Limbaugh case*.

*Spence* v. *Commercial Motor Freight, Inc., of Indiana*, 99 Ohio App. 143, was an action for damages for the wrongful death of plaintiff's decedent. Action was instituted against Commercial Freight Lines, Inc., Indianapolis, Indiana, and service of summons was obtained by registered mail through the Secretary of State under the provisions of Section 2703.20, Revised Code. The receipt of the registered mail was signed ''Com. Motor by O. K. Riggle.'' Thereafter, Commercial Motor Freight, Inc., of Indiana, moved to quash service, because Commercial Freight Lines, Inc., the defendant named in the petition, is a different corporation organized under the laws of Ohio and located in Ohio, whereas the Commercial Motor Freight, Inc., is an Indiana Corporation. Following this motion, plaintiff moved for leave to amend her petition, praecipe for summons, summons, and return of summons, by correcting and changing the name of defendant to read ''Commercial Motor Freight, Inc., of Indiana.'' The trial court sustained plaintiff's motion and overruled the defendant's motion to quash. The appellate court affirmed the decision of the trial court. The pertinent paragraphs of the syllabus of this case are as follows:

''1. Under Section 2309.58, Revised Code, a misnomer of defendant in the petition may be changed by amending such petition.

''2. Under Section 1.11, Revised Code, the provisions of Section 2309.58, Revised Code, are to be liberally construed, and are to be exercised in the furtherance of and not for the purpose of defeating justice.

''3. Where it is manifest that the entity sought to be reached in the petition, praecipe, and by the service, was actually apprised of the action and was notified in regular manner and by registered letter, subject only to the disparity in name, the intent of the service of process is accomplished, and a court may order such defective summons amended without requiring

an amended summons to be served, if it be shown that the party served will not be prejudiced thereby. (Section 2309.58, Revised Code.)"

*McDonald* v. *Nebraska* (C. C. A. 8th, Neb.), 101 F. 171, concerned the substitution of a party plaintiff after the expiration of the statute of limitations, but at page 182 the effect of statutes similar to Ohio on the question whether an amendment which makes a substitution of parties relates back to the commencement of the action so far as the operation of the statute of limitations is concerned was well expressed as follows:

"There are in the history of the jurisprudence of every country certain epochs which mark the beginning of distinct trains of legal ideas and judicial conceptions of justice. There was a time in England and in this country when the fundamental principles of right and justice which courts were created to uphold and enforce were esteemed of minor importance compared to the quibbles, refinements, and technicalities of special pleading. In that period the great fundamentals of the law seemed little, and the trifling things great. The courts were not concerned with the merits of a case, but with the mode of stating it. And they adopted so many subtle, artificial, and technical rules governing the statement of actions and defenses—for the entire system of special pleading was built up by the judges without the sanction of any written law—that in many cases the whole contention was whether these rules had been observed, and the merits of the case were never reached, and frequntly never thought of. Happily for mankind, and for the law itself, that epoch is past in England and in this country, and we now have an epoch in which substance is more considered than form, in which the justice and right of the cause determines its decision, and not some technical error or mistake in the pleadings. In England today the amendment complained of in this case would be allowed quite as a matter of course, and the suggestion that the defendant had gained some advantage by the mistake would not be entertained for a moment. There, as here, every error or mistake in the pleadings which does not affect the substantial rights of the adverse party may be cured by amendment; and what is meant by substantial right is a right going to the actual merits of the case. Such a right is not acquired by a mistake or error in pleadings which has not misled

the other party to his prejudice. And the prejudice must be actual and irreparable, and not merely theoretical. At this day the party who seeks to profit by an error or mistake in pleading must be able to invoke the principle upon which the law of estoppel is founded. * * *.''

In *Western Union Tel. Co. of Baltimore City* v. *State, for Use of Nelson*, 82 Md. 293, 33 A. 763, 31 L. R. A. 572, 51 Am. St. Rep. 464, an action was brought against the ''Western Union Telegraph Company'' to recover damages for the death of a child, and in the bill of particulars the words ''a corporation of the state of New York'' were appended to the corporate name. The summons was served on its manager. After the statute of limitations had run, it appeared from the evidence in the trial that there were two corporations, one whose name was the ''Western Union Telegraph Company,'' a corporation of the state of New York, and another whose name was the ''Western Union Telegraph Company of Baltimore City.'' The same person was the general manager of the former and the president of the latter. It also appeared that the alleged negligent acts were committed by the Maryland corporation. The court held that the substitution of the Maryland corporation for the original defendant was proper since this did not bring in a new party. The court said, at page 306:

''* * * In this case, the summons was served on a person who was an officer of both companies, and upon him as manager of the defendant corporation. He was in fact the manager of both. The service was efficient to bring into court either one of the companies. Under these circumstances it might well happen that an attorney who was closely connected with both, and knew the very slight differences in the two corporate names, might fall into error as to which company was intended to be sued, but if he did, his mistake could not operate to deprive the plaintiff of his right, when he discovered there were two companies with names so nearly alike, of designating which of the two he was suing. * * * It is plain that the error of the plaintiff's attorney was due to the fact that he did not know that the company he intended to sue had the words 'of Baltimore City' as a part of its name, and as soon as he became better informed he so stated to the court and prayed the amendment. To hold, under such circumstances, that the amendment brought in a new

party and thereby enabled it to plead limitations, to be computed from the filing of the amended declaration and not from the commencement of the action, would be a gross injustice to the plaintiff.''

*Godfrey* v. *Eastern Gas & Fuel Associates*, 71 F. Supp., 175 (D. C. Mass.), is a comparable case, and its pertinent headnotes are as follows:

''2. Where seaman, in suing under Jones Act, named as defendant, a steamship company described as a Massachusetts corporation, although corporation of that name and which had at one time owned vessel in question was a Delaware corporation, which had since transferred all its assets to its sole stockholder, a Massachusetts trust, seaman's amendment to complaint after expiration of limitation period naming as defendant the Massachusetts trust merely corrected a misnomer and related back to filing of original complaint so that recovery was not barred by limitations. * * *

''3. A defendant will not be allowed to avoid its rightful obligation through a technical error on part of plaintiff's counsel in a situation where defendant has had notice of plaintiff's claim from the outset.''

*Jackson* v. *American Employers' Ins. Co.*, 202 La. 23, 11 So. 2d 225, is another comparable case. Its syllabus is as follows:

''Where three insurance companies were doing business as a group under the title 'The Employers' Group of Boston, Mass.', letterheads of which bore the names of all three companies, having the same office for their claim department, the same telephone, same manager and same employees in that department, the filing of suit against one of the companies under mistaken belief it was insurer under policy covering automobile causing injury, after plaintiff's attorney had been led to believe by letter from manager of claim department that the company sued was the company which had issued the policy, was sufficient to interrupt the one-year period of prescription against the company which had issued the policy.''

See, also, *Dress* v. *Schuylkill Railway Co.*, 83 Pa. Super. 149.

In the instant case plaintiff has attempted to distinguish the *Hennon* case from this case on the basis that a representative of the Bernard Construction Company had negotiated with

the plaintiff therein prior to filing the law suit, that said plaintiff thought the Bernard Construction Company had done the damage, and that she intended to sue the Bernard Construction Company, whereas in the instant case the plaintiff negotiated with a representative of The Isaly Dairy Company and intended to sue The Isaly Dairy Company, and that plaintiff never dealt with The Isaly Dairy Company of Pittsburgh, did not know of the existence of The Isaly Dairy Company of Pittsburgh, and never intended to sue The Isaly Dairy Company of Pittsburgh.

As we understand the position of plaintiff in the instant case, she is attempting to distinguish the *Hennon case* from this case on the different intentions of the plaintiffs in each case as to the respective corporations. Some courts have cited the intention of the plaintiff as a basis for permitting substitution of a party defendant after the expiration of the statute of limitaions, and we agree that some weight should be given to the intent of the plaintiff as part of the consideration of all the circumstances of a case.

However, we feel that under the circumstances of this case and the *Hennon case,* the real issue is whether the mistake in the name of the defendant corporation was caused by the lack of diligence of the plaintiff or by the actions of one or more officers of the corporation which is the subject of a motion to substitute as a party defendant.

If the difference in the names of the two corporations was so apparent that it could be readily ascertained, so that the mistake is primarily caused by the lack of diligence of the plaintiff, we feel that the intention of plaintiff would be immaterial.

In this case, the plaintiff and her attorney exercised reasonable diligence in attempting to ascertain the identity of the corporation against whom the plaintiff asserts a tort claim. We feel that the mistake was caused or induced by the actions of an officer or officers of the corporation which is the subject of a motion to substitute as a party defendant. This being the case, we hold that this is not a case of suing the wrong party, but that the plaintiff simply made a mistake in stating the name of the defendant corporation, and that this should be classified as a misnomer case.

Probably the strongest and best reason to justify a distinc-

tion under the circumstances of this case is that the interests of justice demand it. When two or more corporations are so intermingled that a person having a tort claim against one of the intermingled corporations has difficulty in identifying the specific corporation liable for the tort, we do not believe that justice is being done by saying, in effect, that a court cannot penetrate the corporate veil of these intermingled corporations and, therefore, a plaintiff must act at his peril in such a situation.

We recognize that a group of people have the legal right to pool their finances for the purpose of operating a particular business and to create one or more corporations for this purpose and that when two or more corporations are created to operate various aspects of the business there are usually sound business reasons for such action. We do not criticize a corporation, or its attorney, for attempting to escape liability from payment of a tort claim against it by raising any legal defense to which it is entitled. However, when intermingled corporations have intermingled officers who conduct the business and management of such corporations in such a manner that the general public is under the impression that they are all one and the same corporation, we feel that these corporations should be bound by their representations.

We feel that this case and the *Hennon case* can be distinguished from such cases as *Beach* v. *Union Gas & Electric Co.*, 130 Ohio St. 280, on the basis that the persons served with summonses in this case and the *Hennon case* were officers of both corporations at issue in each case, had the capacity to act on behalf of both corporations and were proper persons to serve for the corporations which were the subjects of the motions to substitute as parties defendant under Section 2703.10, Revised Code.

When the mistake as to the identity of the corporation which should be the proper party-defendant was caused or induced by the action of an officer or officers of the corporation which is the subject of a motion to substitute as a party defendant, we feel that such a mistake is the result of the representations of the agent or agents of such corporation, and that such corporation is thereby estopped to dispute the question of its correct identity.

The corporation which is the subject of this motion to substitute as party-defendant is the real party in interest and was made aware of the filing of the petition within the statute of limitations by service on one of its officers. The purpose of statutes of limitations is to prevent delay in asserting claims and to prevent the asserting of stale claims. It was never intended that such statutes should be the means by which a corporation could escape liability for a tort claim against it, by confusing its identity through a complex intermingling of its corporate name and structure with that of another similar corporation.

In several Ohio cases, under a liberal construction of Section 2309.58, Revised Code, and its predecessor sections, service of summons on the real party in interest within the statutory limitation period was stressed as the basis for permitting the substitution, after the statute of limitations had run, of the correct name of defendant for the one mistakenly given. *Maloney* v. *Callahan*, 127 Ohio St. 387; *Morgan* v. *Bayview Hospital*, 82 Ohio Law Abs. 499; *Grooms* v. *Greyhound Corporation*, 16 Ohio Opinions 2d 201.

The general rule seems to be that, although made after the expiration of the period of limitations, amendments changing the allegations as to the capacity in which a defendant is sued are permissible, and unless a new cause of action is stated the action is not barred. *Douglas, Admx.*, v. *Daniels Bros. Coal Co.*, 135 Ohio St. 641, 123 A. L. R. 761; 34 Ohio Jurisprudence 2d 619-620, Limitation of Actions, Section 143; 34 American Jurisprudence 225, Limitation of Actions, Section 277; 54 Corpus Juris Secundum 308-9, Limitations of Actions, Section 275; 8 A. L. R. 2d 153.

In this case and in the *Hennon case,* the plaintiffs were either unaware of the existence of more than one corporation having characteristic words as part of its name, ''Isaly Dairy Co.'' or ''Bernard'' respectively, or, if they were so aware, they were unable to distinguish between the two corporations at issue in each case. As a result, the respective plaintiffs sued the wrong corporation in each case. The circumstances of these cases are such that it was difficult for the respective plaintiffs to properly identify the correct corporations. Under such circumstances, we feel that the mistake as to the identity of the

correct corporate defendants was caused or induced by the actions of an officer or officers of the corporations which were the subject of motions to substitute as parties-defendant. For this reason we disagree with the decision in the *Hennon case.*

For the same reason we are reversing the judgment herein and remanding the case for further proceedings in conformity with this opinion.

Furthermore, it is basic that both parties in a lawsuit are entitled to equal treatment and consideration. If defendant herein, The Isaly Dairy Company of Pittsburgh, had filed its answers to the interrogatories of plaintiff by September 17, 1964, as required by Section 2309.41, Revised Code, plaintiff would have been informed of her mistake in sufficient time to amend her petition by substituting the correct defendant before the statute of limitations had expired. However, courts are liberal in such procedural matters, and it was so much taken for granted that the defendant was within its rights to postpone its answer until the statute of limitations could be invoked as a defense to plaintiff's motion that plaintiff did not even raise this as an issue in this case.

We believe that plaintiff's motion to correct her mistake in the name of the defendant corporation is also a procedural matter, and that she is entitled to a similar liberal approach in regard to her motion made pursuant to Section 2309.58, Revised Code, to correct her mistake. This is an additional reason why we hold that the plaintiff herein is entitled to correct this mistake, and that her motion to substitute the name "The Isaly Dairy Company" for the name "The Isaly Dairy Company of Pittsburgh" as party defendant should be sustained.

The judgment is reversed and the cause remanded with instructions that the motion of plaintiff to substitute the name "The Isaly Dairy Company" for the name "The Isaly Dairy Company of Pittsburgh" in the petition, praecipe, summons and return of summons be sustained.

*Judgment reversed.*

Johnson, P. J., concurs.

Jones, J., dissenting. On authority of *Beach* v. *Union Gas & Electric Co.*, 130 Ohio St. 280, paragraph three of the syllabus;

*Bloom* v. *Holzhauer*, 119 Ohio App. 139 (motion to certify the record overruled December 18, 1963); and *Hennon* v. *Bernard Construction Co.*, 120 Ohio App. 157, paragraph one of the syllabus, and also page 159, the judgment of the trial court in overruling the motion permitting the substitution of the name "The Isaly Dairy Company" for the name "The Isaly Dairy Company of Pittsburgh" should be affirmed.