**TRUE LIGHT CHRISTIAN MINISTRIES CHURCH, Appellant and Cross–Appellee,**

v.

**CLEAR CHANNEL OUTDOOR, INC., Appellee and Cross–Appellant.**

[Cite as *True Light Christian Ministries Church v. Clear Channel Outdoor, Inc.,* 157 Ohio App.3d 198, 2004-Ohio-2539.]

Court of Appeals of Ohio,
Fifth District, Stark County.

Nos. 2003CA00128 and 2003CA00153.

Decided May 17, 2004.

Charles D. Hall, for appellant and cross-appellee.

Gordon D. Woolbert II, for appellee and cross-appellant.

BOGGINS, Judge.

{¶ 1} These cases represent an appeal and cross-appeal from summary judgment and other rulings of the Court of Common Pleas of Stark County.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On September 20, 1982, the predecessor to appellee Foster & Kleiser entered into a billboard lease with Ned A. Khoury as to a 2.69-acre tract on Lesh Street, N.E. in Canton, Ohio.

{¶ 3} Appellant, True Light Christian Ministries Church ("True Light"), purchased this tract in 1998 to use for the construction of a church.

{¶ 4} The 15–year billboard lease contained the following provision in Section 7:

{¶ 5} "This Lease shall continue in full force and effect for its term thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor and Lessee served sixty (60) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than sixty (60) days prior to the end of such sixty day period."

{¶ 6} Notice of termination was not given to appellee and cross-appellant Clear Channel Outdoor, Inc. ("Clear Channel") by Khoury or appellant prior to the expiration of the lease term.

{¶ 7} After Clear Channel refused to remove the billboard, appellant filed suit in declaratory judgment, breach of contract, tortious interference with contractual and business relationship, and slander of title.

{¶ 8} Clear Channel responded by answer and counterclaimed for declaratory judgment, breach of contract, and injunction.

{¶ 9} During these proceedings, Clear Channel voluntarily removed the billboard.

{¶ 10} Summary judgment motions were filed and denied with the action proceeding to a bench trial, after which the court made the following findings:

{¶ 11} (1) With regard to plaintiff's claim for breach of contract, the court found that the defendant did not breach the subject lease agreement and granted defendant's motion to dismiss as to the claim.

{¶ 12} (2) With regard to plaintiff's claims for tortious interference with contractual and business relationships and injurious falsehood—slander of title, the court found that plaintiff did not produce any evidence to support the claims and therefore granted defendant's motion to dismiss the claims.

{¶ 13} (3) With regard to whether all of the subject property is being utilized for the plaintiff's building, pursuant to Section 7 of the lease agreement, thereby eliminating the option of the defendant to use any remaining portion thereof to relocate and construct a new billboard, the court found that not all the subject property is being utilized for the plaintiff's building, pursuant to Section 7 of the lease agreement, and that the defendant is entitled to relocate and construct a new billboard.

{¶ 14} (4) Because the court found that not all the land was being utilized and that the defendant is entitled to relocate and construct a new billboard, the defendant is not entitled to damages in accord with Section 7 of the lease agreement.

{¶ 15} (5) With regard to the reduction of rent due to the relocation of the billboard, the court found that rent would not be reduced. The court found that the relocation of the billboard would not affect the advertisement value of the billboard, as the visibility of the billboard from Route 62 would remain unchanged.

{¶ 16} (6) As to defendant's request for relocation costs, the court did not enter a ruling on the issue, as the defendant withdrew its request for costs.

{¶ 17} Appellant raises three assignments of error:

## APPELLANT'S ASSIGNMENTS OF ERROR

{¶ 18} "I. The trial court erred by denying plaintiff-appellant's motion for summary judgment and determining that the subject lease was neither substantively or procedurally unconscionable and is valid and enforceable.

{¶ 19} "II. The trial court erred as a matter of law, made a mistake of fact, and found against the manifest weight of the evidence by determining 'that not all the subject property is being utilized for the plaintiff's building, pursuant to section 7 of the lease agreement,' and that as such the defendant is entitled to relocate and reconstruct a new billboard.

{¶ 20} "III. The trial court erred as a matter of law, and abused its discretion by prohibiting testimony regarding: (a) unconscionability of the lease and (b) utilization of the property and whether to [sic] not a billboard can be reconstructed on areas of the property being utilized by the building."

## CROSS–APPELLANT'S ASSIGNMENT OF ERROR

{¶ 21} "I. Given the court's ruling on the validity of the billboard lease, the court was in error in not granting Clear Channel summary judgment on all of the claims."

## I.  CROSS–APPEAL I

{¶ 22} With regard to the first assignment of error and cross-appellant's assignment of error, we must find that as to the denial of the summary judgment motions.  The errors asserted are not well taken for two reasons:

{¶ 23} First, a denial of a summary judgment motion is not a final order pursuant to R.C. 2505.02.  *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 554 N.E.2d 1292, and second, because the court heard evidence, the Civil Rule 56 motions became moot.

{¶ 24} We must then address the latter portion of appellant's first assignment as to whether the finding that the lease was not unconscionable and therefore valid and enforceable.

{¶ 25} As to this argument, we disagree.

{¶ 26} Appellant has raised "unconscionability" in both a procedural and substantive sense:

{¶ 27} These terms were reviewed as to an employment contract in *Vanyo v. Clear Channel Worldwide*, 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482, at ¶ 17, which stated:

{¶ 28} "Unconscionability is generally recognized as the absence of meaningful choice on the part of one of the parties to a contract, combined with

contract terms that are unreasonably favorable to the other party. *Collins v. Click Camera Video* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. In order for a contract provision to be unconscionable, there must exist both 'substantive' and 'procedural' unconscionability. Substantive unconscionability exists when the contract terms are determined to be unfair and unreasonable. Procedural unconscionability, on the other hand, exists when it is determined that there was no voluntary meeting of the minds by the parties to the contract under circumstances particular to that contract."

{¶ 29} Clearly, from the evidence, the billboard lease was a matter of record when the land was purchased with the billboard in existence. The mere fact that the former owner did not reveal that it was located on the subject tract is not pertinent to the rights of appellee. Also, appellant was not a party to the contract and cannot raise the lack of a meeting of the minds of the original contracting parties nor establish as to such parties that the contract was one of adhesion even though the law stated on page 8 of appellant's brief is accurate. Also, as the lease could have been terminated with the prior notice provisions exercised, appellant can hardly argue as to the unfairness thereof. We therefore deny appellant's first assignment of error and agree with Judge Brown as to the validity of the lease.

{¶ 30} As stated, the cross-appeal is also rejected.

## II, III

{¶ 31} The second and third assignments allege mistakes in fact and law and argue lack of manifest weight of the evidence to support the decision.

{¶ 32} In reviewing the records to the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed." *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. See also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.

{¶ 33} We find from the evidence, particularly from that presented by appellant through Mr. Erb, that the billboard can be located on the subject property. Whether appellee can obtain the necessary governmental approvals is immaterial to the validity of the lease as to the parties involved. The future expansion plans do not bear on the present action.

{¶ 34} Also, such future expansion, according to the evidence of Erb and Pastor Martin, while presently contemplated, is not firm.

{¶ 35} For example, the extent of the addition.

{¶ 36} There also was evidence that a billboard physically could be erected in the retention basin even though water may lie around the foundation.

{¶ 37} Obviously, this area would not permit parking due to such water accumulation.

{¶ 38} Appellant questions the automatic lease extension of 15 years without rental adjustment. We cannot delve into whether the rental terms are reasonable, as no evidence is before us, and even if such were presented, it would not be material as, ultimately, the case rests as to the lease terms, in appellant failing to protect itself in acquiring the property subject to the lease and in failing to terminate according to its provisions.

{¶ 39} Therefore, the manifest weight of the evidence supports the court's decision both in law and fact. The second and third assignments are rejected.

{¶ 40} This cause is affirmed.

Judgment affirmed.

FARMER, P.J., and WISE, J., concur.