OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Zvi A. Zuckerman, Administrator of the Estate of Shimon Zuckerman, appeals the Judgment Entry of the Trumbull County Court of Common Pleas, in which the trial court granted the Motion for Summary Judgment of defendants-appellees, William Zamarelli, Edward Zamarelli, and Charles Wern. For the following reasons, we reverse the decision of the trial court.
 {¶ 2} William, Edward, and Wern, along with James Gray, were investors/owners of Titusville Ford Lincoln-Mercury, Inc., car dealership. In June 1989, Dr. Shimon Zuckerman loaned Gray $100,000 for the dealership. Shortly after, Gray approached Zuckerman for another loan. Zuckerman offered Gray the name of an employee at Society Bank, a bank Zuckerman had previously used for obtaining financing himself. Gray informed Zuckerman that the loan was approved and that a representative of Society Bank would come to his office for the signing of the paperwork.
 {¶ 3} The loan was approved for Dr. Shimon Zuckerman, Inc., Zuckerman's corporation, and not Titusville Ford. After Zuckerman's claims that he was assured by Gray that "each one of [Gray's] partners were going to sign an obligatory note" and Gray was "going to make the payment to Society Bank", he signed the loan papers on behalf of his corporation. At a later time, each Titusville Ford partner signed a personal guaranty; Gray for twenty-five thousand dollars and William, Edward, and Wern for twenty thousand each.
 {¶ 4} There were several payments on the loan; however, payments stopped sometime in late 1990/early 1991. The bank then obtained a default judgment against *Page 3 
Dr. Shimon Zuckerman, Inc., for the remaining balance of $84,934.38 plus interest. Zuckerman thereafter demanded payments from William, Edward, Wern, and Gray under the provisions of the personal guarantees; whereupon, each refused to pay. Gray subsequently filed for bankruptcy. Zuckerman later commenced the instant litigation.
 {¶ 5} William, Edward, and Wern moved for summary judgment on two theories. First, they maintained that Zuckerman was not the real party in interest as the bank loaned money to Dr. Shimon Zuckerman, Inc., Zuckerman's corporation, which has since been dissolved and liquidated. Second, they claimed that there was no consideration for their personal guarantees.
 {¶ 6} Zuckerman also moved for summary judgment, claiming that a valid contract existed, there was non-performance by William, Edward, and Wern, and he incurred damages as a result of their breach.
 {¶ 7} The trial court granted the Motion for Summary Judgment of William, Edward, and Wern, holding that Zuckerman did not have standing and that there was no consideration for the personal guaranties. The court reasoned that the named plaintiff was Zuckerman the person, not the corporation and the loan, as well as the judgment obtained by the bank for the default on the loan, both involved the corporation, not Zuckerman as an individual. Therefore, the trial court found that Zuckerman did not have "standing to bring claims on behalf of a now defunct corporation." The court additionally found that there was a lack of consideration because "Zuckerman himself effectively denied that any consideration existed for the personal guaranties of William, Edward, and Wern by denying he loaned any money to any person or entity other than *Page 4 
Gray." Moreover, the court reasoned that even if consideration were present, it would not have been contemporaneous to the contract.
 {¶ 8} Zuckerman timely appeals and raises the following assignment of error: "The Trial Court Erred when granting Defendants-Appellees' Motion for Summary Judgment."
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs. of SciotoCty. (1993), 87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 10} Due to the passage of time, much of the record has resulted in vague and contradictory testimony, therefore, we must defer to the non-moving party.
 {¶ 11} Zuckerman argues that he has standing to enforce the guaranty agreements signed with each of the appellees. The appellees argue that Zuckerman is not a real party in interest to this litigation, "as he did not obtain the $100,000 loan or loan any loan proceeds to Gray in a personal or individual capacity." Further, they *Page 5 
assert that "[t]he claim belongs to another party [Dr. Shimon Zuckerman, Inc.], who is not a plaintiff in the underlying lawsuit."
 {¶ 12} Whether a party has standing depends upon whether he has a "personal stake in the outcome of the controversy." Middletown v.Ferguson (1986), 25 Ohio St.3d 71, 75 (citation omitted). The requirement that a party have standing ensures that "the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." Sierra Clubv. Morton (1972), 405 U.S. 727, 732 (citation omitted).
 {¶ 13} Additionally, Civ. R. 17 requires every civil action to be prosecuted in the name of the real party in interest. State ex rel.Jones v. Suster, 84 Ohio St.3d 70, 77, 1998-Ohio-275. The real party in interest is the party who will directly be helped or harmed by the outcome of the action. "The person must have more than an interest in the case. He or she must have some interest in the subject matter of the litigation or is the person who can discharge the claim on which the suit is brought." Travelers Indem. Co. v. R. L. Smith Co., 11th Dist. No. 2000-L-014, 2001 Ohio App. LEXIS 1750, at *8. "The purpose behind Civ. R. 17 is `to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party in interest on the same matter.'" Id., citing Shealy v. Campbell (1985), 20 Ohio St.3d 23,24-25.
 {¶ 14} Each of the four personal guaranties stated that each person "in consideration of your extending a loan to Titusville Ford Lincoln-Mercury, Inc., * * * by which it is obligated to repay the total sum amount of One Hundred Thousand Dollars *Page 6 
($100,000.00) with quarterly payments of interest and principal of Five Thousand Dollars ($5,000.00) and the entire unpaid balance on or before February 16, 1991, agree to personally guaranty to Shimon Zuckerman the sum of [Gray for twenty-five thousand dollars and William, Edward, and Wern for twenty thousand each]." (emphasis added).
 {¶ 15} Zuckerman further maintains that "he subjected his home equity" to cover the loan after Titusville Ford defaulted and he "had to pay Society Bank from his own pocket for the obligation that Jim Gray didn't comply."
 {¶ 16} Zuckerman clearly has a personal stake in the outcome of the controversy. William, Edward and Wern each signed a guaranty, each person personally guarantying to Zuckerman the sum of twenty thousand dollars. It is obvious that Zuckerman will be directly helped or harmed by the outcome of the instant action, which depends on the enforceability of the personal guaranties. Thus, Zuckerman has standing to pursue this action.
 {¶ 17} Zuckerman further maintains that there was consideration for the personal guaranties. He asserts that there is a question of fact as to whether William, Edward, and Wern received any benefit from the agreement. He also claims that "the guaranties were in place at the time the loan was made."
 {¶ 18} A contract consists of an offer, an acceptance, and consideration. Bono v. McCutcheon, 159 Ohio App.3d 571, 2005-Ohio-299, at ¶ 9 (citation omitted). Accordingly, Ohio courts have held the "[a]bsence of consideration to support a contract is sufficient to permit its cancellation." Mooney v. Green (1982), 4 Ohio App.3d 175,177. As with other contracts, a guaranty is not enforceable unless supported by *Page 7 
sufficient consideration. Solomon Sturges Co. v. Bank ofCircleville (1860), 11 Ohio St. 153, 169. However, in the case of a guaranty, the benefit of the consideration need not accrue to the promisor. "The performance or return promise may be given to the promisor or to some other person. It may be given by the promisee or by some other person." Restatement of Law 2d, Contracts (1981), Section 71(4). "It matters not from whom the consideration moves or to whom it goes. If it is bargained for and given in exchange for the promise, the promise is not gratuitous." Id. at Comment e.
 {¶ 19} There is a genuine issue of material fact as to whether or not there was consideration for the guaranties. A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. Hounshell v. Am. States Ins. Co. (1981),67 Ohio St.2d 427, 433. The court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Co. v. Browning-Ferris Industries ofOhio, Inc. (1984), 15 Ohio St.3d 321, 322.
 {¶ 20} When genuine issues of material fact as to consideration exist, summary judgment should not be granted. See Beebe Constr. Corp. v.Circle R Co. (1967), 10 Ohio App.2d 127, at paragraph three of the syllabus;; Prendergast v. Snoeberger, 154 Ohio App.3d 162;2003-Ohio-4742, at ¶ 29.
 {¶ 21} Zuckerman stated in his deposition that when he refused to sign the loan, he told Gray, "you already owe me money * * * [and Gray told him] * * * we need this obligation to fulfill, and if you sign this money, this will help you to recoup the $100,000 you gave us before." Zuckerman further stated that the purpose of the loan was to "help *Page 8 
[him] get back his other $100,000" he had previously loaned to Gray. Zuckerman additionally acknowledged that after the loan was signed, Gray "made the statement * * * that he's going to call a meeting and get all four of them [Gray, William, Edward, and Wern] to meet in his office" at a later date to sign the guaranties. Moreover, the personal guaranties each stated "in consideration of your extending a loan to Titusville Ford Lincoln-Mercury." There is plainly an issue of material fact as to whether the loan was intended for Titusville Ford or Gray personally.
 {¶ 22} There is also a question of fact as to whether William, Edward, and Wern received any benefits to the agreement. Gray stated in his deposition that he believed the consideration for the personal guaranties "was funds that were used in the dealership" because "the dealership was in poor financial shape". There is also a question of fact whether the money was used for the dealership after the loan was signed or if Gray used the money himself. Zuckerman said in his deposition that the "check was, maybe was made to Titusville * * *." Gray alluded in his deposition that the money was used for the dealership. He further claims he made a few payments on the loan and advised his partners of the payments.
 {¶ 23} There is a genuine issue of material fact in connection with the liability of William, Edward, and Wern under the guaranty. There is evidence in the record that leads to the conclusion that Gray made the promise on behalf of himself and as the agent for Titusville Ford, thus, William, Edward, and Wern, to provide guarantees to Zuckerman. Hence, the subsequent signing of the guarantees simply constituted performance of the prior promise. Consequently, summary judgment was improperly granted. This holding is limited to the purposes of the instant case only. *Page 9 
 {¶ 24} Zuckerman's assignment of error is with merit.
 {¶ 25} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, granting the Motion for Summary Judgment of defendants-appellees, William Zamarelli, Edward Zamarelli, and Charles Wern, is reversed and remanded. Costs to be taxed against appellees.
COLLEEN MARY O'TOOLE, J., concurs in judgment only, TIMOTHY P. CANNON, J., concurs in part, dissents in part, with a Concurring/Dissenting Opinion.