[Cite as *Yellow Book Sales v. Beamer*, 2012-Ohio-654.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

YELLOW BOOK SALES,

    PLAINTIFF-APPELLEE,                 CASE NO. 14-11-18

    v.

CARLETON BEAMER,                     O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Marysville Municipal Court
Trial Court No. CVF 0900780

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

Date of Decision: February 21, 2012

---

APPEARANCES:

    *Dennis A. Schulze* **for Appellant**

    *Mark Sheriff and Dale D. Cook* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Carleton Beamer ("Beamer"), appeals the Marysville Municipal Court's judgment entry finding that Beamer is liable to plaintiff-appellee, Yellow Book Sales ("Yellow Book"), for ten thousand four hundred and forty-seven dollars. For the reasons that follow, we affirm in part and reverse in part.

{¶2} In February of 2007, Beamer was an employee of Gutter Worx, Inc. ("Gutter Worx"). (Tr. at 42). His responsibilities included securing advertising for Gutter Worx. (*Id*. at 43). Beamer did not have any ownership interest in the company. (*Id*. at 42).

{¶3} On February 7, 2007, Beamer signed a two page contract with Yellow Book to obtain advertising for Gutter Worx. (Ex. 1). According to the contract, Yellow Book would place a Gutter Worx advertisement in the "gutters and downspouts" and "welding" sections of their phone books. (Tr. at 13). Gutter Worx was to pay nine hundred and forty-seven dollars a month for a period of twelve months for the advertisements. (*Id*. at 14).

{¶4} Beamer signed the contract on the signature line, located on the front of the document. (Ex. 1). Underneath the signature line, the contract included a provision stating "Authorized Signature Individually and for the Customer." (*Id*.). The contract also stated, "Read paragraph 15F on the reverse hereof." (*Id*.).

Paragraph 15F was on the back of the contract, under the label "Miscellaneous." (*Id.*). Paragraph 15F stated, "This agreement supersedes any other verbal or written agreement between Customer and Publisher. This agreement may not be changed except by a writing signed by an authorized signatory of Customer and Publisher." Paragraph 15G, the final provision of the contract, further provided:

> The signer agrees that he/she has the authority and is signing this agreement (1) in his/her individual capacity, (2) as a representative of the Customer, and (3) as a representative of the entity identified in the advertisement or for whose benefit the advertisement is being purchased (if the entity identified in the advertisement is not the same as the Customer or the signer). By his/her execution of this agreement, the signer personally and individually undertakes and assumes, jointly and severally with the Customer, the full performance of this agreement, including payment of amounts due hereunder.

{¶5} On August 10, 2009, Yellow Book filed a complaint against Beamer alleging Beamer owed Yellow Book ten thousand four hundred and forty-seven dollars. (Doc. No. 1). Yellow Book included the contract Beamer signed and Gutter Worx's account balance, showing it had failed to pay the monthly charge of nine hundred forty-seven dollars for eleven months as well as the thirty dollar

billing charge, for a total of ten thousand four hundred and forty-seven dollars. (*Id.*).

{¶6} Beamer filed his answer on August 24, 2009 asserting numerous defenses, including Yellow Book's failure to join necessary and indispensable parties. (Doc. No. 6). On December 18, 2009, Yellow Book filed an amended complaint joining Gutter Worx as a defendant. (Doc. No. 24).

{¶7} Gutter Worx failed to respond to the complaint. On April 15, 2010, the trial court issued a default judgment in favor of Yellow Book against Gutter Worx. (Doc. No. 43). The trial court found Gutter Worx owed Yellow Book ten thousand four hundred forty-seven dollars, the unpaid balance of the contract, and three thousand four hundred seventy-eight dollars and eighty-five cents in attorney fees. (*Id.*).

{¶8} On July 27, 2010, the trial court held a bench trial. (Tr. at 4). During the trial, Beamer testified that he did not read the contract before he signed it. (*Id.* at 41). Beamer further testified that the sales representative told him it was a standard contract and not to worry about it, so he did not ask for a moment to read the contract before signing it. (*Id.*). Beamer admitted he was not under any pressure to sign the contract and that he did not request any changes. (*Id.*).

{¶9} On August 5, 2010, the trial court issued its judgment entry in favor of Yellow Book, finding Beamer liable to Yellow Book for ten thousand four hundred and forty-seven dollars. (Doc. No. 58).

{¶10} On August 11, 2010, Beamer filed a motion requesting findings of fact and conclusions of law. (Doc. No. 59). The trial court granted Beamer's motion on August 24, 2010 and directed the parties to file proposed findings of fact and conclusions of law. (Doc. No. 60).

{¶11} The trial court issued its findings of fact and conclusions of law on August 1, 2011. (Doc. No. 70). The trial court found that Beamer and Yellow Book had entered into a contract for advertising in Yellow Book's publication, that Beamer signed the contract as "Gutterworx, Inc. and Carlton Beamer Authorized signature individually and for the customer," and that Yellow Book fulfilled the agreement by publishing the advertising. (*Id*.). The trial court concluded that since Yellow Book had fulfilled the contract, Beamer was liable to Yellow Book for ten thousand four hundred and forty-seven dollars. (*Id*.).

{¶12} On August 23, 2011, Beamer filed a notice of appeal and now raises four assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN CONCLUDING THAT YELLOW BOOKS SALES AND DISTRIBUTION CO. INC. AND CARLETON BEAMER ENTERED INTO A VALID**

**CONTRACT AS NO CONSIDERATION WAS RECEIVED BY MR. BEAMER IN RETURN FOR HIS SIGNATURE.**

{¶13} In his first assignment of error, Beamer argues he did not receive any consideration for the agreement with Yellow Book, so the contract is invalid. Beamer contends that the only party to benefit from the contract was Gutter Worx; consequently there was no consideration for Yellow Book's contract with Beamer.

{¶14} A valid contract requires an offer, acceptance of the offer, and consideration. *Carlisle v. T & R Excavation, Inc.*, 123 Ohio App.3d 277, 283, 704 N.E.2d 39 (9th Dist. 1997). Consideration constitutes either a benefit to the promisor, or a detriment to the promisee. *Nilavar v. Osborn*, 137 Ohio App.3d 469, 485, 738 N.E.2d 1271 (2nd Dist. 2000). "A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss or responsibility given, suffered, or undertaken by the promisee." *Id.*, citing *Brads v. First Baptist Church*, 89 Ohio App.3d 328, 336, 624 N.E.2d 737 (2nd Dist. 1993). In the case of a guaranty, it is not necessary for the promisor to receive the consideration. *Zuckerman v. Gray*, 11th Dist. No. 2008-T-0022, 2009-Ohio-1319, ¶ 18. "The performance or return promise may be given to the promisor or to some other person. It may be given by the promisee or by some other person." *Id.*, citing Restatement of Law 2d, Contracts, Section 71(4) (1981). Consequently, it does not matter who receives the consideration, as long as the consideration is given in exchange for the promise. *Id.*

{¶15} Whether a contract is invalid due to a lack of consideration is a question of fact. *Siley v. Remmele*, 4th Dist. No. 86 CA 6, *3 (1987). This Court reviews the trial court's factual findings with great deference and will not replace its judgment for that of the trial court where there is competent, credible evidence supporting the trial court's decision. *Beres v. G.S. Building Co., Inc.*, 11th Dist. No. 2007-L-061, 2007-Ohio-6564, ¶ 29-31.

{¶16} In the present case, Beamer guaranteed the contract with Yellow Book by signing "Individually and for the Customer." (Ex. 1). As a guarantor, it was not necessary for Beamer to personally receive the consideration so long as consideration was given in exchange for Beamer's promise. According to the contract, Gutter Worx would receive the benefit of an advertisement in Yellow Book's publication. (*Id.*). In exchange for that benefit, Beamer promised that Yellow Book would be paid the contract price. (*Id.*). Thus, Yellow Book gave the consideration of Gutter Worx's advertisement in exchange for Beamer's promise of payment. Furthermore, the trial court found that Yellow Book performed the contract by publishing Gutter Worx's advertisement. (Doc. No. 70). Consequently, there is competent, credible evidence supporting the trial court's finding that Yellow Book provided consideration, created a valid contract, and fulfilled its side of the bargain.

{¶17} Beamer's first assignment of error is, therefore, overruled.

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED IN CONCLUDING THAT YELLOW BOOK SALES AND DISTRIBUTION CO. INC. AND CARLETON BEAMER ENTERED INTO A VALID CONTRACT AS CARLETON BEAMER SIGNED ONLY AS AN EMPLOYEE OF GUTTER WORX, INC AND NOT IN HIS INDIVIDUAL CAPACITY.**

{¶18} In his second assignment of error, Beamer argues the contract is unenforceable against him because he signed as a representative of Gutter Worx. Beamer contends that it was clear at the time of the agreement that the advertisement was intended for Gutter Worx, and that he was a Gutter Worx employee. Consequently, Beamer argues that he did not sign in his individual capacity.

{¶19} A trial court's factual findings, including those findings regarding the circumstances surrounding a contract's formation, should be reviewed with great deference. *Kellog v. Griffiths Health Care Group*, 3d Dist. No. 9-10-59, 2011-Ohio-1733, ¶ 9. "An appellate court is to afford deference to a trial court's decision and 'must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court.'" *Id.* at ¶ 13, quoting *Myers v. Garson*, 66 Ohio St.3d 610, 614 N.E.2d 742 (1993).

{¶20} We cannot find that the trial court abused its discretion because there is competent and credible evidence supporting the trial court's determination that

Beamer signed in his individual capacity. As previously discussed, a provision directly beneath Beamer's signature stated, "Authorized Signature Individually and for the Customer." (Ex. 1). The same provision directed Beamer to read the final paragraphs of the contract, located on the back of the one page document. (*Id.*). The final paragraph of the contract stated, "The signer agrees that he/she has the authority and is signing this agreement (1) in his/her individual capacity * * *." (*Id.*). The same provision also stated, "By his or her execution of this agreement, the signer personally and individually undertakes and assumes, jointly and severally with the Customer, the full performance of this agreement, including payment of amounts due hereunder." (*Id.*). A court reviewing a contract presumes the intent of the parties is contained in the language of the contract. *Owusu v. Hope Cancer Center of Northwest Ohio, Inc.*, 3d Dist. No. 1-10-81, 2011-Ohio-4466, ¶ 12. The plain language of the contract with Yellow Book indicates that Beamer signed in his individual capacity. The language is unambiguous, stating clearly that Beamer undertook performance of the contract, including payment.

{¶21} Additionally, "[a] party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms." *Cheap Escape Co. Inc. v. Crystal Windows & Doors Corp.*, 8th Dist. No. 93739, 2010-Ohio-5002, ¶ 17. One party is not required to explain each contract provision to the other party before signing the document. *Id.*, citing *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d

498, 503, 692 N.E.2d 574 (1998). A party to a contract is presumed to have read and understood the terms and is bound by a contract that he willingly signed. *Id.*, citing *Preferred Capital, Inc. v. Power Engineering Group Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 10. Beamer contends that he did not intend to sign in his individual capacity. However, Yellow Book was not required to explain each provision of the contract to Beamer, and Beamer testified that he was not pressured to sign the document. Since Beamer willingly signed the contract with Yellow Book, his failure to read the contract terms will not relieve him of liability.

{¶22} Beamer's second assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ERRED IN CONCLUDING THAT YELLOW BOOK SALES AND DISTRIBUTION CO. INC. AND CARLETON BEAMER ENTERED INTO A VALID CONTRACT, BECAUSE THE TERM OF THE GUARANTEE AGREEMENT WAS CLEARLY UNCONSCIONABLE.**

{¶23} In his third assignment of error, Beamer argues the contract with Yellow Book is invalid and unenforceable because it is unconscionable. Beamer contends the contract is substantively unconscionable because it holds Beamer, a Gutter Worx employee, liable for Gutter Worx's debts rather that Gutter Worx's owners. Beamer argues the contract is procedurally unconscionable because Yellow Book told Beamer the contract contained standard language and he did not

need to worry about it. Consequently, Beamer contends there was no voluntary meeting of the minds.

**{¶24}** A contract is unconscionable when it is created through "an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2nd Dist. 1993). In order for a contract provision to be unconscionable, it must be substantively and procedurally unconscionable. *True Light Christian Ministries Church v. Clear Channel Outdoor, Inc.*, 157 Ohio App.3d 198, 2004-Ohio-2539, 809 N.E.2d 1198, ¶ 28 (5th Dist.). "The party asserting unconscionability has the burden of proving that the agreement is both substantively and procedurally unconscionable." *Cheap Escape*, 2010-Ohio-5002, at ¶ 10, citing *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 14.

**{¶25}** Whether a contract is unconscionable is a question of law. *Cheap Escape*, 2010-Ohio-5002, at ¶ 9, citing *Taylor Bldg*. Consequently, this Court's review of the trial court's decision is de novo. *Id.*, citing *Ins. Co. of N. Am. v. Automatic Sprinkler Corp. of Am.*, 67 Ohio St.2d 91, 98, 423 N.E.2d 151 (1980).

**{¶26}** Beamer argues the contract is substantively unconscionable because it is an adhesion contract, and he was in the weaker bargaining position. Beamer

further contends that the personal guaranty term is unfair and unreasonable so this Court should not uphold it.

**{¶27}** Substantive unconscionability involves the terms of the contract and whether they are commercially reasonable. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 33. "Factors courts have considered in evaluating whether a contract is substantively unconscionable include the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." *Id.*

**{¶28}** We cannot find that Beamer's contract with Yellow Book is substantively unconscionable. An adhesion contract exists when the terms of the contract are offered on a take it or leave it basis. *Lear v. Rusk Industries, Inc.*, 3d Dist. No. 5-02-26, 2002-Ohio-6599, ¶ 14. In order to have an adhesion contract, a party with little bargaining power must have no other realistic choice than to accept the terms of the contract. *Id.* In these cases, the party must either enter into the contract as it is or not receive the goods or services at all. *Id.*

**{¶29}** During the trial, Nicholas Saenz, a corporate representative with Yellow Book, testified that sales representatives are not permitted to make changes to the contract. (Tr. at 33). However, the fact that the sales representative could not change the contract does not mean the adhesion contract is unconscionable. In order for the adhesion contract to be unconscionable, the

moving party must show he could not obtain the service from other providers. *Lear* at ¶ 14. Consequently, Beamer must also demonstrate that he did not have a realistic choice because the only way he could obtain advertising for Gutter Worx was through a contract with Yellow Book. Beamer did not present any evidence showing Yellow Book was the only available option for Gutter Worx's advertisements. As a result, Beamer failed to carry his burden of proving the contract was a substantively unconscionable adhesion contract.

{¶30} Alternatively, Beamer could show the provision itself was substantively unconscionable because it was commercially unreasonable. However, Beamer has not presented any evidence of other contracts in the industry. Consequently, there is insufficient evidence before this Court to find that the contract provision holding Beamer individually liable is substantively unconscionable based on the standard practice in the industry.

{¶31} Beamer also contends the contract was procedurally unconscionable because there was no voluntary meeting of the minds. Beamer argues he relied on an unfair representation that the contract contained standard language and that he never intended to be held individually liable. Since Beamer is required to demonstrate both substantive and procedural unconscionability and this Court could not find substantive unconscionability, we need not address this issue. However, in the interest of justice, we will briefly discuss Beamer's argument.

{¶32} Procedural unconscionability addresses the circumstances surrounding the creation of the contract. *Hayes*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, at ¶ 23. Courts consider factors concerning the bargaining power of each of the parties, including the relative ages of the parties, education, intelligence, business experience, which party drafted the agreement, whether the contract was negotiated or a contract of adhesion, and whether there were alternative sources for the good or service involved. *Id*.

{¶33} We cannot find that the contract was procedurally unconscionable. Beamer testified that he graduated from high school and had four years of college education. (Tr. at 40). His responsibilities as a Gutter Worx employee included taking care of all of the advertising for Gutter Worx and its sister company, Exterior Systems. (*Id*. at 43). Beamer further testified that the Yellow Book representative told him, "It's just a standard contract. Don't worry about it." (*Id*. at 41).

{¶34} These facts demonstrate that at the time he entered into the contract, Beamer was an educated Gutter Worx employee who had experience in the area. As a result, Beamer has not demonstrated any special circumstances showing he was in such a weak bargaining position that the contract was unconscionable. Furthermore, Beamer is presumed to have read and understood the terms of the contract prior to signing it and Yellow Book was not required to explain each of

the contract provisions. The fact that Beamer failed to read the contract prior to signing it does not make the contract procedurally unconscionable.

**{¶35}** Beamer's third assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. IV

**THE TRIAL COURT ERRED IN FAILING TO STATE IN ITS JUDGMENT ENTRY THAT LIABILITY AGAINST CARLETON BEAMER WAS JOINT IN [SIC] SEVERAL WITH CO-DEFENDANT, GUTTER WORX, INC.**

**{¶36}** In his final assignment of error, Beamer argues that even if this Court concludes Beamer is liable to Yellow Book, that Beamer is jointly and severally liable with Gutter Worx. Beamer relies on the language of the contract, which states, "By his/her execution of this agreement, the signer personally and individually undertakes and assumes, jointly and severally with the Customer, the full performance of this agreement * * *." (Ex. 1). The trial court did not include language of joint and several liability in its August 5, 2010 judgment entry. Therefore, Beamer requests that that this Court remand this case for the purpose of amending the judgment entry to hold Gutter Worx jointly and severally liable with Beamer. Yellow Book does not dispute that the contract holds Beamer and Gutter Worx jointly and severally liable.

**{¶37}** We agree with Beamer that the language of the contract results in joint and several liability between Beamer and Gutter Worx. Furthermore, the parties agree that Beamer and Gutter Worx are jointly and severally liable and

Yellow Book concedes that the case should be remanded to correct the judgment entry. Consequently, we remand to the trial court for the purpose of amending the judgment entry to hold Beamer and Gutter Worx jointly and severally liable.

**{¶38}** Beamer's fourth assignment of error is, therefore, sustained.

**{¶39}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignments of error one, two, and three, we affirm the judgment of the trial court.

**{¶40}** Having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error four, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**