[Cite as *Ohio Receivables, L.L.C. v. Durunner*, 2013-Ohio-5514.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| OHIO RECEIVABLES, LLC | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CAG 03 0017 |
| GODWIN DURUNNER, a/k/a | |
| CHUKWUKERE G. DURUNNA | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Municipal Court,
                             Case No.  11 CVF 00173


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 16, 2013


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JACKSON T. MOYER                        GODWIN DURUNNER
NICHOLAS J. CHEEK                       a/k/a CHUKWUKERE G. DURUNNA
CHEEK LAW OFFICES                       8837 Juneberry Road
471 East Broad Street, 12th Floor       Lewis Center, Ohio  43035
Columbus, Ohio  43215

*Wise, J.*

**{¶1}** Appellant Godwin Durunner, aka Chukwukere Durunna, appeals the judgment of the Delaware County Municipal Court, which granted judgment in favor of Appellee Ohio Receivables LLC in an action to collect on a delinquent credit card account. The relevant facts leading to this appeal are as follows.

**{¶2}** In 2004, appellant opened a credit card account with Chase Bank USA, N.A. and was issued account number xxxx-xxxx-xxxx-7652. Due to subsequent failures by appellant to pay back certain credit obligations under the account terms, Chase wrote off the account on or about April 30, 2007. Appellant nonetheless made some payments on the account until October 21, 2008.

**{¶3}** On January 24, 2011, Appellee Ohio Receivables, having purchased the charged-off account, filed a collection action against appellant, seeking repayment of the sum of $2,385.25, plus interest at the rate of 24.00% per annum. On February 14, 2011, appellant filed an answer to the complaint, denying most of the allegations therein for want of knowledge.

**{¶4}** Appellant also filed a motion to dismiss on February 14, 2011. Said motion was denied four days later.

**{¶5}** On March 14, 2011, appellant filed a second motion to dismiss. Said motion was also denied.

**{¶6}** On April 11, 2011, appellant filed a motion to strike the attachments to appellee's complaint; contemporaneously, appellant filed an "opposition to court's denial of defendant's second motion to dismiss." These motions were treated as an objection to the magistrate's decisions, and were denied by the trial court.

{¶7} On April 28, 2011, with leave of the court, appellee filed a motion for summary judgment. Appellant filed a motion to strike the attachments to appellee's motion, followed by a "memorandum of opposition to court's denial of defendant's second motion to dismiss" and a response to appellee's motion for summary judgment. The magistrate found that there were genuine issues of material fact and subsequently scheduled the matter for trial.

{¶8} Appellant then filed a third motion to dismiss, which the court scheduled to be heard on the date of trial.

{¶9} On October 7, 2011, approximately five weeks before the date of the trial, appellant filed a motion for summary judgment, which the court scheduled to be heard on the date of trial.

{¶10} A bench trial before the magistrate took place on November 16, 2011.

{¶11} On February 14, 2013, the magistrate issued a five-page decision recommending judgment in favor of appellee in the amount of $2,229.25 plus interest of 3% per annum from April 30, 2007. The magistrate, inter alia, specifically rejected any claim that the account was connected to a person other than appellant with a slightly different social security number. Neither party filed any objections to the decision of the magistrate. The trial court approved and adopted the magistrate's decision on February 18, 2013.

{¶12} Appellant filed a notice of appeal on March 14, 2013. He herein raises the following seven Assignments of Error:

{¶13} "I.   THE TRIAL COURT ERRED ON FEBRUARY 18, 2013, BY ENTERING JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE (OHIO

RECEIVABLES) FOR NOT ATTACHING A COPY OF THE ASSIGNMENT DOCUMENT TO THE INITIAL COMPLAINT WAS PROPER (SIC).

{¶14} "II. THE TRIAL COURT ERRED BY ENTERING JUDGMENT ON FEBRUARY 18, 2013, BY DETERMINING THAT THE ASSIGNMENT OF ACCOUNT AND CHAIN OF ASSIGNMENT WAS PROPER AND THAT OHIO RECEIVABLES WAS THE REAL PARTY IN INTEREST IN THIS CASE.

{¶15} "III. THE TRIAL COURT ERRED IN THE FEBRUARY 18, 2013, (SIC) FOR ACCEPTING THE AFFIDAVITS SUPPLIED BY OHIO RECEIVABLES (PLAINTIFF-APPELLEE) IN SUPPORT OF THEIR CLAIM.

{¶16} "IV. THE TRIAL COURT ERRED BY ENTERING A JUDGMENT FEBRUARY 18, 2013 IN FAVOR OF OHIO RECEIVABLES THAT THE DISCREPANCY IN THE NAMES AND SOCIAL SECURITY NUMBER WERE PROPER IN THE CASE.

{¶17} "V. THE TRIAL COURT ERRED IN ENTERING JUDGMENT FEBRUARY 18, 2013, IN FAVOR OF OHIO RECEIVABLES THAT NEGLECTING THE ALLEGED DEFENDANT'S MOTION TO STRIKE DOCUMENTS WAS PROPER.

{¶18} "VI. THE TRIAL COURT ERRED IN ENTERING JUDGMENT FEBRUARY 18, 2013, IN FAVOR OF OHIO RECEIVABLES THAT NEGLECTING THE ALLEGED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WAS PROPER.

{¶19} "VII. THE TRIAL COURT ERRED IN ENTERING JUDGMENT FEBRUARY 18, 2013, IN FAVOR OF OHIO RECEIVABLES THAT NEGLECTING TO MAKE DECISION ON THIS CASE WAY PAST THE STATUTE OF LIMITATION (SIC) WAS PROPER."

I.

**{¶20}** In his First Assignment of Error, appellant appears to argue that the trial court should have dismissed appellee's complaint for the alleged failure to attach a copy of the proper account assignment document to the complaint. We disagree.

**{¶21}** Civ.R. 10(D)(1) states as follows: "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."

**{¶22}** This Court has recognized that a defendant who fails to file a motion for a more definite statement under Civ.R. 12(E) before filing an answer has waived his or her right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint. *See State Farm Mutual Auto Ins. Co. v. Loken,* 5th Dist. Fairfield No. 04–CA–40, 2004–Ohio–5074, ¶ 21. Furthermore, for pleading purposes, it is generally sufficient for the complaint to allege that the account has been assigned, and the non-attachment of the assignment documents does not implicate Civ.R. 10(D)(1). *See Hudson & Keyse LLC v. Carson,* 10th Dist. Franklin No. 07AP–936, 2008–Ohio–2570, ¶ 11.

**{¶23}** Upon review, we find *Loken* and *Carson* to be on point in the case sub judice, and appellant's First Assignment of Error is therefore overruled.

II., III., IV., V.

**{¶24}** In his Second, Third, Fourth, and Fifth Assignments of Error, appellant raises various evidentiary challenges to the trial court's judgment in favor of appellee.

**{¶25}** We first note appellant herein did not object to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides that "* * * [a] party shall not assign as error on appeal the

court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." *See, e.g., Stamatakis v. Robinson* (January 27, 1997), Stark App.No. 96CA303, 1997 WL 115878. We nonetheless recognize that an appellant's failure to specifically object to a magistrate's decision does not bar appellate review of "plain error." *See, e.g., Tormaschy v. Weiss* (July 6, 2000), Richland App. No. 00 CA 01, 2000 WL 968685, citing *R.G. Real Estate Holding, Inc. v. Wagner* (April 24, 1998), Montgomery App. No. 16737, 1998 WL 199628.

**{¶26}** However, even under a plain error standard, our review is effectively impeded because appellant has failed to provide this Court with a written transcript of the trial to the magistrate. Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)." Although a video disc of the trial in this case has been provided, this is insufficient for appellate review under these circumstances pursuant to App.R. 9. *See State v. Lisac*, 11th Dist. Geauga No. 2012–G–3056, 2012-Ohio-5224, ¶ 2. We therefore will presume the regularity of the proceedings below and affirm. *See*, *e.g.*, *State v. Myers,* Richland App.No. 2003CA0062, 2004-Ohio-3715, ¶ 14, citing *Knapp v. Edwards Laboratories.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

**{¶27}** Appellant's Second, Third, Fourth, and Fifth Assignments of Error are overruled.

## VI.

**{¶28}** In his Sixth Assignment of Error, appellant maintains the trial court erred in granting judgment in favor of appellee despite a pending motion for summary judgment previously filed by appellant. We disagree.

**{¶29}** Generally, "when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it." *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.,* 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 1994-Ohio-92. Furthermore, any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made. *Harraman v. Howlett*, 5th Dist. Morrow No. 03CA0023, 2004-Ohio-5566, ¶ 23, citing *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 156, 642 N.E.2d 615. *See, also, True Light Christian Ministries Church v. Clear Channel Outdoor, Inc.*, 157 Ohio App.3d 198, 2004-Ohio-2539, ¶ 23.

**{¶30}** In the case sub judice, the magistrate issued a pretrial order on October 12, 2011 stating that "[a]ll motions properly before the court on the day of trial will be considered by the court at that time." *See* Trial Court Docket No. 52. However, because the trial transcript in this matter has not been provided, we are compelled to apply the presumption of regularity to the magistrate's subsequent decision, thereafter approved by the trial court, to hear the case on the merits on the day of trial.

**{¶31}** Appellant's Sixth Assignment of Error is therefore overruled.

## VII.

{¶32} In his Seventh Assignment of Error, appellant contends the trial court violated the pertinent statute of limitations by delaying the issuance of the magistrate's decision and judgment entry for more than a year after the trial to the magistrate. We disagree.

{¶33} It has long been recognized that "[t]he purpose of statutes of limitations is to prevent delay in asserting claims and to prevent the asserting of stale claims." *Stauffer v. Isaly Dairy Co.* (1965), 4 Ohio App.2d 15, 28, 211 N.E.2d 72. We note R.C. 2305.07 states in pertinent part that "*** an *action* upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, *shall be brought* within six years after the cause thereof accrued." (Emphases added). Appellant's argument confuses the concept of a delay in entry of judgment with a delay in commencement of an action, and is thus without merit.

{¶34} Appellant's Seventh Assignment of Error is overruled.

{¶35} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Delaware County, Ohio, is hereby affirmed.

By: Wise, J.
Farmer, P. J., and
Delaney, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

JWW/d 1119

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


OHIO RECEIVABLES, LLC    :
             :
  Plaintiff-Appellee    :
             :
-vs-           :     JUDGMENT ENTRY
             :
GODWIN DURUNNER,    :
a/k/a CHUKWUKERE G. DURUNNA :
             :
  Defendant-Appellant   :    Case No. 13 CAG 03 0017


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.

Costs assessed to appellant.


_____
HON. JOHN W. WISE


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY